Parker, J.,
delivered the opinion of the Court.
The only question submitted to us in this case is, whether, the misfeasance being proved as charged in the declaration, it was competent for the jury to receive evidence in mitigation of damages, in order to reduce the sum found by them below the amount of the judgment in the former suit.
The action is case, and for a tort, in which it is peculiarly the right of the jury to assess the damages, and in which they are not restricted to any precise sum. They may give more than the former judgment, if they believe that the wrong was wilful on the part of the officer; for they may, and sometimes do, add to the amount of the first judgment the expenses and costs not taxable, in actions against the officers, by way of damages.
And as they may exceed, so they may fall short, of the former judgment; the great object of the action being to restore the plaintiff to what he has lost by means of the misdoings of the officer. If it should be apparent to the jury that the wrong, on the part of the officer, was not the result of a design to injure, and also that by the wrong act of the officer the plaintiff is put in no worse situation than he would have been in had the officer done his duty, the jury would be at liberty — indeed it would be their duty — to see that a humane or mistaken officer is not made to pay more than the party has really suffered by his wrong.
* The damages being a proper subject for the jury, it [ *474 ] may be a question, whether they have exercised their authority over them with that discretion which the law requires of them: if they have not, the Court will grant a new trial.
When an officer has made a false return upon an original writ, or upon an execution, or when he has neglected to do his duty, so that the effect of a judgment appears to be lost, the judgment in the suit so rendered ineffectual is prima facie evidence of the measure of injury which the plaintiff has sustained; but it may be met by evidence of the total inability of the debtor to pay.
In such case, the jury would give nominal damages. But it may happen that a creditor, relying upon the return of an officer on an original writ, that he had attached property or taken bail, might be led on to an expensive prosecution of his suit, which he would have abandoned had there been no such return. In such a case, it would, without doubt, be proper for the jury, even if they believe the entire insufficiency of the party to answer the judgment, to compensate the plaintiff in damages against the officer for an expense so incurred. But this is within their discretion. Tf they perceived a case of fraudulent management on the part of a creditor, to take *466 advantage of the humanity or mistake of an officer, they might well take care that he did not obtain the fruits of his contrivance.
The evidence, in the case at bar, was calculated to make a strong impression of fraud on the minds of a jury. The first execution was kept by the creditor until the return day, and then handed to the sheriff, merely for the purpose of enabling the creditor to obtain an alias. The alias, instead of being immediately taken out, and given to the officer who served the original writ, is not purchased until the 26th of October, and even then is delivered to no officer, but is kept until the 28th of December, when it was out of the power of the delinquent officer to save himself by arresting the debtor; and then given to another deputy sheriff, unconnected in office or interest with the one intended to be charged; and he, [ * 475 ] * without any inquiry whatever, as would appear from the fact that the poor sick debtor had never changed his domicile, returned a non est inventus. All this the jury had a right to presume was done by the creditor, with a view — and a fraudulent one, too— of charging the bail, if he supposed bail to have been taken, or the officer, if the real state of the transaction was actually known to the creditor.
Under these circumstances, who can say that the jury have not done wisely and discreetly with respect to the damages ? or that the Court ought to interfere with their conduct? If such a contrivance took place, — as the jury may, for aught we know, presume to have existed in the case before us, — I do not see but a fraud has been practised by the creditor, which ought to subject him to animadversion. Certain I am that, if any attorney or counsellor of this Court be proved to have aided or assisted in such a transaction, it would be the duty of the Court, at least, to reprimand him. And if a sheriff or deputy should, in order to charge bail, falsely return that he had made diligent search for a judgment debtor, without making any such search or inquiry at all, so that an avoidance should after-wards happen, and the bail be charged, he would expose himself to an action by the bail for a false return ; or if he combined ’ with a creditor or an attorney for this purpose, might expose himself as w7ell as them to an indictment for a conspiracy, (a)
But it is said that an officer shall not be permitted to falsify his own return. In the present case, he has not done it; but it is falsified by-the evidence produced by the plaintiff in support of his action; and it is admitted to be technically false by the officer. He proves the extreme sickness of the debtor, to acquit himself of any wilful wrong to the creditor; and he proves his poverty, to show that the *467 creditor has suffered no damage. This we think reasonable and lawful; and the verdict, founded on this evidence, ought not to be disturbed by the Court. (b)

Judgment on he verdict.

ADDITIONAL NOTE.
[In an action against a sheriff, for not delivering over a bail bond, the debtor having avoided, the defendant cannot prove, in mitigation of damages, the debtor’s insolvency-since the judgment against him. — Seeley vs. Brown, 14 Pick. 177.
In an action against an officer for the escape of one committed on execution, the measure of damages is the amount of the execution, with costs and interest from the escape. — Bowen vs. Huntington, 3 Conn. 423
In an action on the case against an officer for a volutitary escape on mesne process, he may show, in mitigation of damages, the inability of the debtor to pay the debt. — Brooks vs. Hoytt 6 Pick. 468.
Though an officer is liable to suit, for not returning a bail bond taken by him with the writ, yet only nominal damages shall be recovered of him, if he deliver or offer it to the plaintiff, in season for him to bring a scire facias thereupon. — Glezen vs. Rood, 2 Metc. 490.— Clark vs. Smith, 9 Conn. 379.
An officer is liable to nominal damages for not returning an unsatisfied execution, though the creditor has sustained no injury. — Laflin vs. Willard, 16 Pick. 64.
If the sheriff arrest a party upon an execution, and then suffer him to go at large, he cannot lawfully retake him. And if this be done by a deputy, though out of his county, the sheriff is liable in trespass, it being colore officii. — Spencer vs. Moore, 2 Dev. & B: 264
Otherwise, in case of a voluntary return of the prisoner. — Drake vs. Chester, 2 Conn. 473.
See Woods vs. Varnum, 21 Pick. 165. — Weeks vs. Lawrence, 1 Verm. 433. — 1 Dev. & Bat. 243. — Slemaker vs. Marriott, 5 Gill & J. 406. — M'Rae vs. Colclough, 2 Alab. (N. S.) 74. — Hallett vs. Lee, 3 Alab. (N. S.) 28. F. H.]

 [Vide Stevens vs. Bigelow, 12 Mass. Rep. 434. —Ed.]

 Vide Cæsar vs. Bradford, 13 Mass. Rep. 169. — Ed.]