Smith, C. J.
This action, for aught that appears, is reviewable. The judgment was on verdict, though our practice is not to state this in writ of review. It seems it ought to be stated, to give the Court jurisdiction by way of review, (a)
The statute (regulating process and trials in civil causes, § 12, p. 90) enacts that “ such actions,” i. e. reviews, “ shall be tried on the pleas made upon the former trial upon record; ” that is, in this case, upon the plea that Heaton is not guilty. (b) If this is to be considered as a demurrer to the declaration, then there are two pleas: the general issue, and a demurrer. Trying the demurrer is certainly trying the action on a different plea from that on record. If, in this case, the parties on the record have agreed that the former pleas may be waived, and a demurrer entered, this should be stated in the record. The demurrer is certainly bad without it. Perhaps even then it might [admit] of some doubt whether the review would be regularly before the Court, unless an issue to the country had been joined and tried, or perhaps judgment by agreement, instead of a verdict. 6 Mass. 500.
The parties may now agree that the general issue shall be considered as found for Eldridge, and then the original defendant may move in arrest of judgment for insufficiency of the declaration. If the Court give judgment on the demurrer, there can be no motion in arrest of judgment for any exception that. might have been taken on arguing the demurrer. The reason is, that the matter of law having been already settled by the solemn determination of the Court, they will not afterwards suffer any one to say that the judgment is wrong. 2 Tidd, 825; 1 Strange, 425. (This is a language courts have no ear to hear.)
The true course is to set aside this demurrer, try the issue, or the parties may consent that a verdict be entered on the issue, and defendant may move in arrest of judgment.
*359 It [the demurrer] must be set aside, because, in this case, there can be no demurrer, — none to Writ of review, — for two reasons. - _
1st. Because there can be no demurrer to any writ. From the nature of demurrer, it must be to the declaration. Demurrer admits the facts stated in the declaration. The writ is not before the Court on demurrer. Defects in the writ can only be taken advantage of in abatement, or motion to the Court to quash.
2d. - No demurrer to the declaration in writ of review, unless there is also an issue to the country; and both do not lie where there is but one count. And, in this case, there can be none put in on the review, because this would be trying the cause on a different plea from that on which it was tried before ; certainty not, unless by consent, or on leave obtained, if such can be granted. But, in this case, the party may have all the advantage he wishes in arrest of judgment.
Supposing a demurrer, or motion in arrest of judgment made; is the declaration sufficient to warrant a recovery ?
Where the sheriff is guilty of neglect of duty, in not arresting when he might arrest, the creditor may maintain an action on the case for this default; because such are his orders. The creditor must elect how he will have his execution served. If he elects the body, he may impose on the sheriff the dutyr of using as much diligence, for the purpose, as the law requires. But there is no law which imposes this duty on the sheriff, unless the creditor requires it. The creditor may elect to proceed against the bail, and he may lawfully obtain a return of non est inventus, under such circumstances as that no arrest in fact could be made. He may deliver his execution to the sheriff on the last day of service, when he knows the debtor is not to be found. He is not bound to be at any expense in searching for him, nor to require the sheriff to do it at any expense. It has been held, in Massachusetts, and is certainty correct, that the execution m;ay be delivered to the sheriff of a county other than that of which the principal is an inhabitant. 7 Mass. 208. It has been held, in this State, that the creditor is bound to use no dili *360 gence to have bis debtor arrested. Thompson v. Young, bail of Oopp, Strafford, S. C. September Term, 1806; 8 Manuscript Reports, 233; case stated: the execution was delivered to the deputy sheriff the day before return ; Copp had been at large till the day before that; held, the creditor entitled to his scire facias against the bail; not bound to do more than he did. In Buzzel v. Brown, bail of Brew, Strafford, February Term, 1807 ; and Palmer v. Morey, Grafton, May, 1807; the bail pleaded that principal had not avoided; new trial granted ; return of sheriff conclusive ; our statute has not altered the common law ; and this, I think, was correct.[1]
The common law is this. When the creditor means to pursue the bail, he sues out a ca. sa. No attempt is ever made to find the principal, to arrest him ; but the execution is left at the sheriff’s office, merely to give the bail notice that the plaintiff intends to proceed against the bail. There need be no return till after scire facias issues, because it is the leaving the writ at the sheriff’s office which gives the notice, and it is the business of the bail to search the office.
In this State, something more must be done to give the bail notice. There must be a return of non est inventus ; because, as our execution is against goods, lands, and body, till return the bail cannot know that the creditor intends to proceed against the bail. But neither the creditor nor the sheriff *361 is bound to use any endeavors 'to arrest the debtor on the execution; and neither the debtor nor the bail can require it at their hands. The debtor may at any time surrender himself after the execution issues, and the bail may surrender him. This action is brought to compel the sheriff to take the debtor without surrender; and yet bail stipulated to surrender the debtor or pay the debt, — “ Deliver him to me: I will take him into my custody; and I engage either to pay the debt or that he shall not ayoid. That is, I will return him to the custody of the law, where I found him.” [1] Creditor had him in custody in a situation where he had no occasion to make any search. The bail, on his part, engaged to see him forthcoming; but the creditor is not obliged to go in quest of either, to fulfil their engagements. When there is no bail, the creditor must seek his debtor, if haply he may be found. If there is bail, it is the affair of the bail to seek him. The security given for defendant is called bail, because the defendant is delivered to the surety, and is supposed to continue in his friendly custody, instead of remaining in the less friendly custody of the sheriff. 3- Blackst. 290; 7 Johns. 155. Bail, in the language of the books, are said to have their principal always upon a string, which they may pull whenever they please, and surrender him in their own discharge. It is not the fault of the creditor or the sheriff, that the bail will not, or cannot, surrender the principal. The law has given him very extensive powers to enable him to do so. He may take the principal at any time, even on Sunday; and in any place, even in another State ; he may break open the outer door of the house for the purpose ; and he may do all this by deputy as well as by himself. 7 Johns. 145. Why has the law bestowed these powers and privileges, much greater than what is conceded to the creditor, or the sheriff, his officer ? It is because the defendant was consid *362 ered in his custody, and has escaped from him; and because he is bound to surrender him.
We have seen that the creditor need use no diligence, no endeavors, to have his debtor arrested. The bail, as it respects him, have no plea to make that he has afforded no opportunity to the sheriff to make an arrest. Now it is much more unreasonable for the bail to throw the burden of hunting up their prisoner (the man they have engaged to see forthcoming) on the sheriff. This is a piece [?] of service not required of him, nor paid for by the creditor, his employer. The bail, who is presumed to be the keeper of the debtor, will not condescend so much as to give information, or agree to pay any expense. He will not require the sheriff to go out of his precinct. But must he search the county; how strictly; where is the degree of diligence defined; or is it to be tried by a jury in each case ? This declaration merely states that he might have been taken. But it does not state that he was in the presence of the deputy sheriff holding the execution ; or that he was openly about, at what time, or what place. Is the deputy sheriff to come prepared to give an account of himself for six months ? I think, when asked by the bail for the-debtor, he may reply, “Am I his keeper?” He may go further, and say, “ But you are.” Upon this doctrine, no sheriff could ever safely receive an execution. How does he know there is bail? He may well suppose he is accountable to no one but his employer, the creditor. But he is, upon this doctrine, accountable, in a much higher degree, to the bail, of whose existence he knows nothing.
It is to be observed that no facts are stated showing this return to be false; as would be the case if the declaration stated that the debtor .was in company with the sheriff holding the execution;[1] still more, if it stated that the bail surrendered, or offered to surrender, him to the officer holding the execution. 2 Mass. -485. (a) In this latter case it would be a *363 good surrender; and, if deprived of it by a false return, tbe bail would doubtless have remedy. According to this declaration, the bail does nothing; he requires every thing to be done for him by the sheriff.
The truth is, the bail can discharge himself only by surrender. This is the language of our statute, and of the common law. (a) No such action as this was ever attempted. It is absurd to say that the language of the precept is a direction to the sheriff. It is as much so in England as here. The sheriff is bound to do no more than the creditor requires him to do. Creditor must direct. It is so on attachment; so on levy. What he does he must do truly. Here non est inventus means non-surrender. “ I cannot find him, using the diligence I am bound to use.” No part of this declaration contradicts this return.
This is a new experiment, which neither common law, nor statute law, nor usage, in the smallest degree countenances.
[At this Term, judgment was rendered in favor of Bellows ; reversing the result reached in the original action.] [1]

 This review was commenced within three years.

 Held, in 5 Mass. 500, that there must be one issue to the country. Then any other issues on record may be tried.
A review is a judicial writ. There may be a plea in abatement; and the writ may be amended. 9 Mass. 217.

 William Gardner v. Samuel Boardman, Rockingham, September Term, 1808; 11 Manuscript Reports, 279.
Scire facias against defendant, as bail of Thomas Boardman.
Plea: that the principal was, after judgment, and until return of execution, publicly residing and inhabiting in said county of Rockingham (in which judgment was and this suit is), and might have been arrested on the execution; of which the plaintiff had notice; and that the plaintiff had convenient opportunity, and could have caused the principal to be taken on the execution.
To this plea there was a demurrer.
Story, for plaintiff.
Mason, for defendant.
“ Without any argument, The Court gave judgment for plaintiff; the point having been settled over and over again, within the last seven years, that such a plea was bad.”

 “ He was Whitmore’s bail upon the writ, and, in that capacity, had become liable to satisfy the judgment which might be recovered against Whitmore, unless he should produce the principal to the officer, before the return-day of the execution, that he might be arrested.” Gilchrist, J., in Nettleton v. Billings, 1843, 13 N. H. 446, 448.

 So is clause in act regulating bail in justice suits. Laws, ed. 1805, 101.

 See Parker, J., in Rowell v. Hoit, 1835, 8 N. H. 38, 39; and in Cushing v. Breck, 1839, 10 N. H. 111, 115;

 Our statute does not increase the duties of the sheriff beyond what they are at common law, nor the duties of creditor. On avoidance of debtor, and return of non est, which conclusively proves no surrender made en pais (and if any surrender in court, it is matter of record and may be pleaded), creditor is entitled to scire facias. To contradict this return, show it false, show a surrender.

 Since the statute of Dec. 18, 1824, relative to the allowance of amendments on review, it has been held, that the Court may, in its discretion, refuse to allow a demurrer to the original declaration to be filed on review. Colebrook v. Merrill, 1870, 49 N. H. 213. See also Frost v. Chesley, reported ante, 202.
The opinion on the last point assumes that the common-law liability of bail was not essentially modified by the statute of Feb. 15, 1791, which provides that the sureties shall be held “in case of the principal’s avoidance, and return of ‘ non est inventus ’ upon the execution. ’ ’
Under a similar statute in Connecticut it was held that the law would not infer avoidance, or justify a return of non est, unless ordinary diligence had been used by the officer to find the debtor. Beach v. Elliott, 1876, 44 Conn. 237; Beebe v. Gardner, 1835, 11 Conn. 104; Newell v. Hoadley, 1831, 8 Conn. 381; Edwards v. Gunn, 1820, 3 Conn. 316.
In Massachusetts, it was held, that bail'could not, on scire facias against *364 them, question the return of non est; and that a plea, that the principal was abiding- in the county and might have been arrested, was bad. Winchel v. Stiles, 1818, 15 Mass. 229. But in Weld v. Bartlett, 1813, 10 Mass. 470, 475, Parker, J., said that bail might sue the sheriff for a false return, if he returned that he had made diligent search for the judgment debtor, without making any such search at all. And see Stevens v. Bigelow, 1815, 12 Mass. 433.
In Maine, it was held that bail may sue sheriff for falsely returning that he has made diligent search and cannot find, when in fact he has made no such search. Kidder v. Parlin, 1830, 7 Greenl. 80.
In New York, the law, prior to the statute of 1813, was understood to he in accordance with the views above stated in Eldridge v. Bellows. Cowen, J., in Bishop v. Earl, 1837, 17 Wend. 316, 318. The statute of 1813, re-enacted in 2 N. Y. Rev. Stat. 382, § 32, imposed on the sheriff the duty to use all reasonable endeavors to execute the execution, notwithstanding any directions from the plaintiff. Under this statute, the bail, although they cannot discharge themselves by pleading that the sheriff might have arrested (Bradley v. Bishop, 1831, 7 Wend. 352), may sue the sheriff for a false return of non est where the arrest might have been made by due diligence. Hinman v. Borden, 1833, 10 Wend. 367; Johnson, J., in McArthur v. Pease, 1866, 46 Barb. 423, 431.
The N. II. statute of June 23, 1818 (substantially re-enacted in Gen. Laws, c. 242, §§ 1-3), provides that the officer shall, at least fifteen days before the return-day, give the bail a notice in writing, “ stating that such execution is in his hands, the amount of the same, and when returnable.”
For the construction given to this statute, see Emerson v. Brown, 1821, 2 N. H. 347; Goodwin v. Smith, 1827, 4 N. H. 29; Rowell v. Hoit, 1835, 8 N. H. 38, 40; Atherton v. Thornton, 1835, 8 N. H. 178; Nettleton v. Billings, 1843, 13 N. H. 446; Carleton v. Bartlett, 1845, 16 N. H. 538.
For the present statute as to the return necessary to charge bail, see Gen. Laws, c. 242, § 5.
The N. H. statute of Feb. 9, 1791, relative to the liability of indorsers of writs, has received a construction less favorable to indorsers than that given to somewhat similar statutes in Massachusetts and Maine. So long as good faith is observed, the defendant is not bound to active diligence in collecting his execution for costs against the original plaintiff. Heywood v. Benton, 1871, 51 N. H. 304.