Jackson, J.,
delivered the opinion of the Court. It is well settled that the defendant, in a case like the present, cannot show, either by way of defence to the action or in ■ mitigation of damages, that the return on the original writ was not true. It is equally clear that the bond, said to have been taken by the deputy in this case, is not a bail bond. There was no bail, to whom the principal is supposed to be delivered ; and no surety, liable for him in case of his avoidance. The evidence offered on this point, if admitted, would prove that the deputy did not take bail, in direct contradiction to his return; and it was therefore rightly rejected, (a)
We are, then, bound to consider, in this case, that the deputy did take bail; and that he has refused, either to deliver the bond to the plaintiff, or to file it in the clerk’s office for the plaintiff’s use.
The question is, whether, in such a case, it is competent for the defendant to show, in mitigation of damages, that the original debtor was poor, and unable to pay the debt.
Such evidence would not be admissible on the part of the bail, if the officer had filed the bail bond, and the action had been brought against them; and the officer who has prevented the plaintiff from bringing that action ought to leave him another remedy, at least as good as that of which he has been unjustly deprived. This principle is recognized by Justice Lawrence, in the case of Heppel vs. King, (4) which was cited in the argument; and it is perfectly just and reasonable. The officer, by such a proceed ing, voluntarily assumes the situation of the bail, and is subject to all their liabilities, although he may not have all their privileges.
If this is a hardship upon the officer, he may always avoid it *83 by a strict performance of his duty. But there is *not, probably, any greater hardship in this case than what always exists when a surety is required to pay the debt of his principal. W hen the officer returned that he had taken bail, which he knew was not literally true, he must be understood as intending that he woidd himself be the bail, or surety, for the debtor. He stipulated, in effect, with the plaintiff, that the latter should have all the advantage and security which he would have derived from bail regularly and lawfully taken.
We are all satisfied that the evidence, offered in mitigation of damages, was inadmissible; and the plaintiff must have judgment by default, (a)

Defendant defaulted.

 Gardner vs Hosmer, 6 Mass. Rep. 325. — Weld vs. Bartlett, 10 Mass. Rep. 470

 7 D. & E. 370.

 Vide Weld vs. Bartlett, 10 Mass. Rep. 470. — Shackford & Ux. vs. Goodwin, 13 Mass. Rep. 187.