### EATON *v.* OGIER.

In an action of the case against a sheriff for returning bail to the action, when no bail was taken, the sheriff may be admitted to shew the insolvency of the debtor; and this fact being proved, the creditor is entitled to none but nominal damages.

In such case the Court refused to permit the plaintiff to amend his writ, by inserting a count for not delivering up the bail bond mentioned in the officer's return.

THIS was an action of the case against the defendant, who was a deputy sheriff of this county, for making a false return upon a writ; and it came before the Court upon a case stated by the parties.

It appeared that the writ was delivered to the defendant with directions to attach sufficient property, and in want thereof to arrest the debtor and commit him to prison, unless he should offer good bail;—and the fees for such commitment were at the same time tendered to the defendant. The debtor at that time, and ever since, was destitute of any attachable property, and could lawfully have obtained his discharge from prison by taking the poor debtor's oath. The defendant was in company with the debtor on the same day, and might have arrested him, but did not;—but falsely returned upon the writ that he *had* arrested him, and had taken bail. The action was thereupon entered, and proceeded to final judgment and execution.

The writ of execution was delivered to the defendant six days before the return day, with special instructions to collect the amount or commit the debtor to prison. The debtor had

Eaton *v.* Ogier.

been at home ever since the rendition of judgment, residing in the same town and neighbourhood with the plaintiff and defendant, until two or three days before this time; when he sailed, with the plaintiff's knowledge, as a seaman on a coasting trip, from which he did not return till after the return day of the execution.

The defendant duly made return upon the writ of execution, that after diligent search he could not find either the property or the body of the debtor. Soon after this the plaintiff demanded the bail bond of the defendant, who replied that he had no bond, but was bail himself, and was ready to surrender the debtor at any time. The defendant also requested the plaintiff to deliver him an *alias* writ of execution which he would execute, but the plaintiff refused.

The parties further agreed that the plaintiff might make any amendments in his writ, consistent with the rules of law, upon such terms as the Court might impose.

And now, the defendant having suffered judgment to go by default, and being admitted to a hearing in damages, the question was upon the amount for which judgment should be entered.

*Wheeler, for the defendant,* insisted that the plaintiff was entitled to no greater damages than he had in fact sustained; and that these could be but nominal, the body of the debtor being a pledge of no value; since he might and would have liberated himself by taking the poor debtor's oath. For all purposes of substantial benefit, the plaintiff is now in as good a situation as he would have been by an arrest of his debtor. *Colby v. Sampson,* 5 *Mass.* 312. *Nye v. Smith,* 11 *Mass.* 188. *Weld v. Bartlett,* 10 *Mass.* 470.

*Thayer, for the plaintiff,* contended that the officer was bound by his return, and ought not to be admitted to contradict it, or to avail himself of its falsity. Had the return been true, the bail might have enabled or induced the debtor to pay the debt; and it is not for the officer to calculate the probable results of his duty had it been done;—it was his business to have performed it. *Gardiner v. Hosmer,* 6 *Mass.* 325. *Purington v. Loring,* 7 *Mass.* 392. *Cesar v. Bradford,* 13 *Mass.* 169. *Simmons v. Bradford,* 15 *Mass.* 82.

If the Court should not think this ground maintainable, he asked leave to amend his writ, by inserting a count for not delivering the bail bond;—and cited *Staten v. Chelsea*, 4 *Mass.* 470. *Long v. Billings*, 9 *Mass.* 479.

MELLEN C. J. delivered the opinion of the Court as follows.

This is an action for a *false return* made by the defendant; in which return he stated that he had taken bail, when in fact he *had not taken* any. The defendant is defaulted; and the question is, what damages the plaintiff is entitled to recover.

The facts in *Weld v. Bartlett*, 10 *Mass.* 470, cited by the defendant's counsel are precisely similar to those in the case at bar. There, nominal damages only were given, in consequence of proof admitted by the Judge who tried the cause, shewing the poverty of the debtor, and that he had not concealed himself. This opinion was sanctioned by the Court, and judgment was entered on the verdict. This case then is a decisive authority in favour of the defendant, as the plaintiff's declaration now stands; and it is not overruled, or in any degree shaken by the case of *Simmons v. Bradford*, 15 *Mass.* 82. That case is different from *this* and *Weld v. Bartlett.*

*Simmons* demanded damages of *Bradford* on account of the default of one of his deputies in not delivering to him a bail bond, which in *his return* he stated he had taken. The action proceeded on the principle that the *return was true;* the declaration affirmed its truth, and the plaintiff claimed those advantages to which he would have been entitled, had such bail bond been delivered up to him for his use. In *that* case the Court would not permit the defendant to *deny the truth of the return;* but subjected him to the payment of the plaintiff's demand; because the bail which he returned that he had taken, would have been liable to the same amount. But in *Weld v. Bartlett*, and in the present case, the plaintiff proceeds on the *disaffirmance* of the officer's doings, and expressly *denies* the *truth* of the return, and demands damages for its *falsehood.*

The plaintiff's counsel, in order to bring this case within the principle of *Simmons v. Bradford*, has moved for leave to add a new count; charging the defendant with neglect in not delivering to him, on demand the bail bond which he has alleged

Eaton v. Ogier.

in his return that he had taken; and this motion he makes in virtue of the agreement of the parties. This amendment is opposed by the defendant's counsel on the ground that it is not within the *rules of amendment*; and the agreement extends to no other. On consideration of this motion, we are all satisfied that it cannot be sustained. The proposed count would be founded on *a new cause of action;* and *such* can never be admitted by way of amendment, unless by consent. If the motion stood on doubtful ground, we should not feel any disposition to extend the doctrine of amendments in favour of a plaintiff, who, from the facts before us, seems to have discovered a disposition to avail himself of undue advantage. The amendment is not permitted; and the plaintiff is entitled to none but *nominal damages.*