Bigelow, J.
The single question presented by the bill of exceptions in this case is, whether, in an action on the case against the sheriff, for taking insufficient bail, it is competent for the defendant to prove, in mitigation of damages, the inability of the original debtor to pay the judgment which has been obtained against him, in the suit upon which he was arrested. The decisions on this point have been uniform in this State, and it is now quite too late to reopen the question. Weld v. Bartlett, 10 Mass. 470; Young v. Hosmer, 11 Ib. 89; Nye v. Smith, 11 Ib. 188; Shackford v. Goodwin, *320 13 Ib. 186; Brooks v. Hoyt, 6 Pick. 468; West v. Rice, 9 Met. 564.
In all these cases, it has been held, that the true measure of damages is the injury actually sustained by the judgment creditor; and, therefore, evidence tending to show that the debtor was poor or insolvent, so that, if arrested on execution, it would not have enabled the creditor to realize his debt, also tends to prove that the plaintiff suffered no essential injury by the negligence of the officer.
It was urged by the counsel for the plaintiff, that the evidence offered by the defendant, at the trial, was inadmissible; because it was not confined to the pecuniary condition of the debtor at the time of, and subsequent to, the rendition of the judgment against him. But this argument loses sight of the distinction between the competency and the weight of evidence. The precise fact to be proved was, undoubtedly, the inability of the debtor to pay the debt, at the time when he was liable to be taken on execution; but evidence which showed that, previous thereto, he was deeply insolvent, tended also to prove that he was so at the period of time in question. Such testimony may be quite unsatisfactory, and subject to many qualifying considerations, which may well be urged upon the attention of the jury, whose province it is to weigh the evidence in estimating the amount of damages; but its competency is quite too clear to admit of a doubt. In the case at bar, the evidence, which was admitted at the trial, proved the pecuniary condition of the debtor three months prior to the time when he was liable to be taken in execution, and was not so remote as not to have a materia] ■bearing on the question of damages.

Exceptions overruled.