Watson, J.
 

 There is but a single point in this case upon which the court is called upon to decide, and that is, as to the amount of damages the respondent is entitled to recover in this action. The verdict finds that the appellant did not levy the execution placed in his hands; that he made a false return upon it; that he did not return it at the expiration of sixty days; and it was
 
 *551
 
 admitted on the trial, that the defendant in the execution had both real and personal property out of which the execution might have been satisfied. The amount of the execution was $500.49, and the jury found a verdict of $200.
 

 This question has been repeatedly passed upon in the supreme court, and, I regret, that the decisions are conflicting. In
 
 Patterson
 
 v.
 
 Westervelt
 
 (17 Wend. 543), where it was shown, that the judgment-debtor had abundant means to satisfy the execution, the court held, that the plaintiff sustained damages to the whole amount of the judgment; and that having been kept out of his money, by the wrongful act of the officer, in not executing and returning the process according to its command, the * 552 1 as Prove(l by the judgment, constituted *the -* true measure of damages. In the case of
 
 The Bank of Rome
 
 v.
 
 Curtiss
 
 (1 Hill 275), the court held, that the sheriff was
 
 primé fade
 
 liable for the whole amount due, and that it was no answer to say, that the defend ants in the
 
 fi. fa.
 
 were still able to pay. This doctrine was again laid down by the court, in the case of
 
 Pardee
 
 v.
 
 Robertson
 
 (6 Hill 550), together with another upon which the appellant has made a point, and that is, that the respondent might recover the full amount of the judgment, without averring special damages in his declaration. All these cases, as well as the case cited of
 
 Weld
 
 v.
 
 Bartlet
 
 (10 Mass. 474), lay it down with this qualification, that the debt is
 
 primé fade
 
 the true measure of damages, the sheriff being at liberty to mitigate the amount by showing affirmatively that the whole sum could not have been collected, if due diligence had been exercised in executing the process.
 

 In the case of
 
 Stevens
 
 v.
 
 Rowe
 
 (3 Denio 327), the court held an entirely different doctrine. They held, that the plaintiff could not show, that the judgment-debtor had real estate out of which the
 
 fi.fa.
 
 might have been satisfied, unless expressly averred in the declaration, and
 
 *552
 
 also, that the sheriff might mitigate the amount, not simply by showing his inability to collect the money? but by proof that the debt was still safe and collectible. I confess, I am unable to see the justice of the rule laid down in the case of
 
 Stevens
 
 v.
 
 Mom,
 
 and if it is
 
 good
 
 law, the statute which gives the plaintiff a right to recover damages against a sheriff who neglects to execute process delivered to him, is a mere nullity. It, in truth, affords him no remedy whatever, and allows an unfaithful and defaulting officer to take advantage of his own wrong, a privilege that the law accords to no other person. According to this construction, if the officer is sued for a neglect of duty, he can say, the defendant in the execution had no property out of which he could collect the money, and that, it is conceded, is a good defence, or he can say, he has property out of which you can still collect it, and, therefore, nothing but nominal damages can be recovered against me, which can only be the damages the plaintiff has sustained by the delay in collecting the money, simply the interest *upon the - ^ interest of the money due, when it ought to
 
 *-
 
 have been collected. To such a doctrine I can never yield my assent, for a plaintiff, if this is tolerated, might never be able to collect his debt. The second execution issued upon the same judgment would admit of the same defence, and so on, as often as they might be issued, provided the judgment-debtor did not in the meantime get rid of his property.
 
 [1]
 
 The rule laid down by the court, in the cases first cited, is by far the most salutary, and to my mind, a just and fair exposition of the statute giving a remedy against defaulting officers. The statute says that the plaintiff shall recover “for the damages sustained by him,” without specifying any particular amount.
 

 The case of
 
 Kellogg
 
 v.
 
 Manro
 
 (9 Johns 300), which is
 
 *553
 
 cited in
 
 Bank of Rome
 
 v.
 
 Curtiss,
 
 held, that the plaintiff was entitled to recover more than nominal damages, for the court say,
 
 “primd facie,
 
 he is entitled to recover his whole debt,
 
 which is presumed to be lost by the escape
 
 and in the case in 10 Mass. 474, Parker, Justice, held a similar doctrine, “ that where an officer had neglected to do his duty,
 
 so that the effect of the judgment appears to be lost,
 
 the judgment in the suit so rendered ineffectual is
 
 primd facie
 
 evidence of the measure of injury which the plaintiff has sustained; but it may be met by evidence of the total inability of the debtor to pay.” Both of these cases, after laying down the rule that the debt of the plaintiff shall be assumed to be lost, where the officer neglects his duty, allow him but one defence, and that a good excuse for not doing it, to wit, that the defendant had no property out of which he could have made the money, had he endeavored ever so faithfully to do his duty. Neither allows him to take advantage of his own wrong, by saying, true, I did not do as I was commanded by the execution, which if I had done the plaintiff would have got his money, but there is property enough of the judgment-debtor out of which the plaintiff can get it, if any officer will obey the command of the process put into his hands, but still the plaintiff can collect only nominal damages against me, and not even that, unless he has alleged special damages in his declaration. Those cases place the officer’s liability upon * 554 1 *^^- They assume that the debt -* is lost to the plaintiff, if the officer having an execution against the debtor, who has abundant means to pay, does not collect it; and they will not allow him to set up a neglect of duty on his part, which very neglect was the reason why the debt was not collected, as a defence. The law always, presumes that he has done his duty, until the contrary is shown, and it should never allow a wilful neglect of it, as an excuse for liability to the party injured thereby.
 

 
 *554
 
 If, as these cases hold, it is no answer for him, that the plaintiff has property sufficient to satisfy the execution, then it is unnecessary for the plaintiff to allege it in the declaration, as special damages, for when a
 
 primó facie
 
 case is made out, by showing his neglect of duty, he can only defend himself by showing the inability of the judgment-debtor to pay. If he attempts to show this, then clearly the plaintiff would have a right to rebut it, by showing that the defendant in the execution had property sufficient to pay it.
 

 If these views are sound, how are they applicable to this case ? The plaintiff here has not recovered as much as the true rule of damages in this case would have allowed him; he has recovered but $200, instead of $500. But the appellant insists that there was error in the justice’s saying to the jury, “that in an action against a public officer, they should give liberal damages.” Suppose this, as an abstract principle of law, is erroneous ? It does not, therefore, follow, that the respondent has been injured thereby, or that, on that account, this court will reverse the judgment. A verdict will not be set aside, even on a bill of exceptions, for the misdirection of the judge as to the measure of damages, when, from the generality of the charge, the jury might have received an erroneous impression, if it be manifest, from the finding of the jury, that injustice has not been done. The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.
 

 Gardiner and Morse, JJ., dissented.
 

 [1]
 

 Dolson v. Saxton, 11 Hun 57