# BROOKFIELD v. REMSEN.

### December, 1867.

It is no defense to an action against a sheriff for not returning an execu-
tion, to show that it was returned a few days after the expiration of the
sixty days.

An exception to the admission of a document in evidence does not avail
if the ground of objection was not stated.

Job Brookfield sued George Remsen, sheriff of Kings county,
for not returning, within sixty days after its receipt by him,
an execution issued upon a judgment against King Burns,
for two hundred and thirty-four dollars and ninety-nine cents,
in an action in the supreme court, in which William A. Martin
and Henry P. Martin were plaintiffs; by whom this cause of
action was assigned to the plaintiff herein, before the com-
mencement of the action.

To prove that the execution had not been returned, plaintiff
offered the certificate of the county clerk, that it could not be
found. Defendant objected, but the reason of his objection did
not appear in the case.

Defendant proved that the execution was returned by mail,
two days after the statute time. The action was commenced
more than four months afterward.

The only question was whether the action lay without proof
of special damage.

A. N. Weller, for defendant, appellant;—Insisted that the
statute gave the action for not returning execution, and this
execution was returned before the action was brought; also
that the trifling delay might be disregarded as a clerical error.

A. P. Whitehead, for plaintiff, respondent;—Cited Corning
v. Southland, 3 Hill, 552; Bowman v. Cornell, 39 Barb. 69;
Patterson v. Westervelt, 17 Wend. 543; Bank of Rome v. Cur-
tis, 7 Hill, 275; Pardee v. Robertson, 6 Id. 553; Ledyard v.
Jones, 13 N. Y. (3 Seld.) 550; Fisher v. Pond, 2 Hill, 338;
People v. Third-ave. R. R. Co., 30 How. Pr. 121; 2 Greenl. Ev.
§ 584; Winchell v. Hicks, 18 N. Y. 565. That the exceptions

were too general; Whiteside *v.* Jackson, 1 *Wend.* 418; Gillet *v.* Campbell, 1 *Den.* 201; Oldfield *v.* N. Y. & H. R. R. Co., 14 *N. Y.* (4 *Kern.*) 315; Requa *v.* Holmes, 16 *N. Y.* 520; Ford *v.* Munroe, 20 *Wend.* 210; Jones *v.* Osgood, 6 *N. Y.* (2 *Seld.*) 335; Norman *v.* Wells, 17 *Wend.* 136.

By THE COURT.—GROVER, J.—A sheriff neglecting to return an execution within the time required by law, is liable to the owner, *prima facie,* for the amount. Ledyard *v.* Jones, 7 *N. Y.* 550. It may be shown on the part of the sheriff, in mitigation of such liability, that the defendant had not sufficient personal property out of which the whole, or any part of the execution, could be collected. In the present case it was shown that the execution was not returned within the sixty days required by law. Hence it appeared that the sheriff was liable.

Showing that the execution was returned a few days thereafter did not discharge such liability, or in any way affect it. The defendant made no request to the court to submit any question in regard to the defendant's personal property to the jury, nor was there any direct evidence that the execution could not have been collected out of such property in its life. The judge did not err in directing a verdict for the plaintiff for its amount.

No ground for objecting to the introduction in evidence of the clerk's certificate was stated. Thus the exception raises no question for consideration in this court.

The judgment appealed from must be affirmed.

All the judges concurred, except BOCKES, J., not voting.

Judgment affirmed, with costs.