THE W. O. HICKOK MANUFACTURING COMPANY, Respondent, *v.* EDWARD W. BLACKHALL, Appellant.

*Promissory note — defense of defects in machinery paid for by such note — inferences the jury may draw as to the cause of the defects.*

In an action brought to recover upon a promissory note executed by the defendant to the plaintiff the defense set forth a claim for damages resulting from an imperfect manufacture by the plaintiff of certain machines contracted to be made for the defendant, the purchase price of which was represented in part by the note.

The principal contest arose over the question whether the defective operation of the machines resulted from the method of manufacture or whether it was chargeable to the defendant because the patterns he furnished were defective. No proof was given by the plaintiff showing that the patterns or patent were defective, although he did give evidence tending to show that the material and construction were perfect.

*Held,* that the jury was at liberty to find that the failure of the machines did not. result from the use of imperfect material or bad construction, and consequently that it might have been caused by defective patterns or plans in accordance with which the machines were built.

APPEAL by the defendant, Edward W. Blackhall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of August, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 19th day of October, 1894, denying his motion for a new trial made upon the minutes.

*Le Roy Parker,* for the appellant.

*Seward A. Simons,* for the respondent.

WARD, J. :

This was an action to. recover the amount of a promissory note of $1,500 executed by the appellant to the respondent. The defense was an alleged counterclaim for damages on account of six defective machines for manufacturing envelopes which the plaintiff had manufactured and sold to the defendant for $600 each, and the note was given as a result of this sale.

The defendant had patented certain improvements upon a machine for manufacturing envelopes then in use, and the machines in question were to be built upon patterns furnished by the defendant, based upon such patents, and were to be perfect in material and construction.

The defendant, relying upon this contract, had contracted to deliver five such machines to a concern called the Burdick Envelope Company for $1,200 each, and defendant guaranteed to this company that the machines would do perfect work and turn out 50,000 envelopes a day.

The five machines were made and delivered to the Burdick Company, but would not work well and were failures. The Burdick Company sued the defendant for damages as a consequence, and put him to expense, and he settled the matter at a loss.

The invention was new and needed to be tested, and the defendant advised the plaintiff to employ one Scott, an expert, to work on

the machines, and the parties to this action shared the expense of his compensation. There was conflicting evidence as to the reason why the machines did not work as expected. The defendant claimed it was on account of the poor work done and the materials used in the construction of the machines by the plaintiff. The plaintiff claimed it was because the patterns and patents were defective, and the machines constructed upon them would not do service. This question was submitted to the jury, and they found with the plaintiff, disregarding the counterclaim and giving the plaintiff a verdict for the amount of its note.

Defendant alleges error, *first*, that there was no proof given of defective patterns or patent, and none would be presumed, and that the defects in the machine must, therefore, have been in material or construction, or both.

This is untenable for the reason that there was evidence given of perfect material and construction upon which the jury could find that such defect was not due to material or construction, and, consequently, may have been from defective patterns or plans upon which the machines were built. This was one method of proving that the patterns were defective.

*Second*, that the court erred in expressing an opinion against the abstract proposition submitted by the defendant in his requests to charge that the defendant might keep the machines and sue for damages or a breach of the plaintiff's warranty as to material and construction, although the court did charge as requested.

No harm could possibly come from this, as the court had laid down the rule of damages most liberal to the defendant as to the machines that had been furnished to the Burdick Company, viz. : That if the plaintiff recovered at all, he was entitled to the difference between the contract price with the plaintiff ($600) and the selling price to the Burdick Company ($1,200), and also the expenses which the defendant had been put to in putting the machines in the condition necessary to make them fulfill the plaintiff's contract. To this rule of damages the defendant's counsel took no exception upon the trial. (*Ledyard* v. *Jones*, 7 N. Y. 550.)

*Third.* That it was error for the court to leave to the jury the question on the evidence whether Scott represented both parties in the construction of the machines or only the plaintiff, it appearing

that Scott was engaged in the construction of the machines.    This contention is not well founded, as there was evidence from which the jury might find either way, and it was the duty of the court to submit the question to the jury.    The court charged fully and fairly upon all the questions submitted, and we can find no error in the charge.

The other errors claimed are unimportant.

The judgment and order should be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order affirmed.