## Shover *against* Funk.

Of the sufficiency of a constable's return to an execution, the justice must judge in the first instance; but his judgment and acceptance of the return will not relieve the constable from liability, if it be erroneous.

. · A constable's return to an execution must be made in writing.

ERROR to the Common Pleas of *Franklin* county.

The Commonwealth for the use of Shover & Harbaugh against Funk and others. · This was an action of debt upon a constable's bond; and to support it, the plaintiffs gave in evidence a judgment in their favour upon the docket of a justice for $93.85 against Samuel Fisher and John P. Baker, and an execution issued thereupon and placed in the hand of Funk, the present defendant, then a constable, for collection. In due time the constable returned the execution " with prothonotary's discharge of defendant Baker, he having filed a bond," &c.

The plaintiffs having given evidence of these facts, the defendants offered to prove by the justice that " when the constable handed him the execution, he objected to taking it, and thought it an insufficient return, unexplained, having a service only on Baker; that the constable replied, ' would he have him to arrest a sick man and take him out of his bed to prison?' that he swore the constable, who on his oath stated that Fisher was sick, and not able to be removed, and that he deemed that return sufficient in law." The plaintiffs objected to this evidence, but the court overruled the objection and sealed an exception.

The court below charged the jury, that it was not essential to the validity of a constable's return that it should be in writing; that the reasons for his return were such as justified the justice of the peace in accepting it, and that this was the subject of parol proof. A verdict and judgment were rendered for the defendant.

*Thompson,* for plaintiffs in error, argued that it was an indis-

pensable principle in the administration of justice, that all judicial proceedings should be in writing; and if not reduced to writing, they are not the subject of parol proof. *Wats. on Sheriff* 67, 68; Act of 1810, sect. 12.

*M'Culloh*, contra, cited 2 *Rawle* 147; 2 *Watts & Serg.* 229.

The opinion of the Court was delivered by

Rogers, J.—When an execution is delivered to a constable, he cannot discharge himself from payment of the debt except by producing to the justice on or before the return day of the execution, the receipt of the plaintiff, or such other return as may be sufficient in law. Act of 1810, section 12. Of the sufficiency of the return, the justice in the first instance must judge, but whether it be good or not, does not depend on whim or caprice, but on fixed and certain principles of law. If, therefore, he deems a return good, which is clearly otherwise, the constable is not discharged from his liability to the plaintiff in the execution. And this is the case here; although a return made by a constable, that the defendant in the execution is sick and cannot be removed and has no goods, may be accepted by the justice, yet there is no evidence that the defendant had no goods liable to execution. It is only when no property can be found, that the defendant can be arrested. Nothing of the kind appears in the record. The excuse of the constable when the objection is made to the return by the justice is, " would you have me arrest a sick man, and take him to prison ?" As the case is presented, the constable is not discharged, but as it is possible the defendant may have had no goods, the defect may be remedied on another trial; and this makes it necessary to consider another objection, which strikes at the root of the case. There is no return at all, for a parol return is no return. The Act of 1810 directs the constable to make such return as the justice may deem sufficient. It is not specified what the return shall be, nor does it expressly direct it shall be in writing; but when a statute directs anything to be done, particularly a judicial process, it must be done in writing, and in that respect there is a difference between common and statute law. The return of a sheriff must be in writing. It is made on the back of the writ, and the form of it is particularly prescribed. *Watson on Sheriff* 68. And why then there should be a difference in a constable's return, it is difficult to imagine; for certainly, there is as much necessity in one case as the other. Forms are useful to keep inferior as well as superior officers in the sphere of their duty. I will not say, that the constable would be fixed for the money if the return had been entered on the docket of the justice, although it would be better to make it on the back of the execution. We are compelled to make great allowances for the unskilfulness of magistrates and other inferior officers, but it is going to an unreasonable length to

[Shover v. Funk.]

hold, that judicial proceedings may rest in the memory of witnesses. Where are we to stop? If this be allowed, we shall next hear of the judgment, nay, all the proof of the suit, from the summons to the execution, being proved by parol. Uncertainty, fraud and glaring injustice, will be the inevitable results of such laxity in the practice. This case is an instance in point. On an inspection of the record of the justice, it clearly appeared that the constable was fixed for the money. Under this belief, the plaintiff sues out the constable's bond, and on the trial he is met by parol proof from the mouth of the justice, which removes all difficulty, and makes that good, which before was bad; and thus, the plaintiff not only loses his money, but is mulcted in the costs; and this he cannot avoid, unless before suit he makes application to the justice to ascertain whether his record contained the truth, and the whole truth. If an error was committed, whose fault was it? Certainly, not the plaintiff's, but it was the fault of the constable, or justice, or both. It is an overwhelming consideration with me, adverse to the admission of such evidence to control a record, that it opens a wide door to perjury and fraud. It will be difficult to keep constables within the line of their duty, if they are permitted to escape from the consequences of this neglect on such easy terms. The path of duty is plain, and if they do not choose to follow it, on them be the consequences. Something is due to the rights of creditors as well as debtors. Nay, it is to the advantage of all, to respect the rights of all.

Judgment reversed, and a *venire de novo* awarded.