# SUPREME COURT.

ELIZABETH INMAN, administratrix, &c., agt. HENRY McNEIL.

*Action against constable for false return — what officer may set up and prove.*

In an action brought by a plaintiff in execution against a constable for
having falsely returned his writ *nulla bona,* such officer may prove on
the trial the reversal of the judgment on which the execution was issued.
Such evidence is a defense to the action for false return.

*Montgomery County Circuit, February,* 1879.

THE plaintiff's intestate recovered judgment against one
John C. Richards, in justices' court, on which execution was
issued and delivered to the defendant McNeil, a constable.
The constable levied upon property of the defendant in exe-
cution sufficient to satisfy the same, but released his levy and
returned the execution *nulla bona.* Thereupon the plaintiff
brought this suit for a false return. Afterwards an appeal was
taken by the defendant in execution; the judgment was
reversed. The constable (the defendant in this action), upon
motion, was permitted to set up the fact of the reversal of
the judgment by way of supplemental answer. At the trial,
at the circuit, the above facts were established.

*John W. Eighmy,* for plaintiff, cited 39 *Barb.,* 69;
3 *Selden* (7 *N. Y.*), 195, 550; 4 *Bosworth,* 469; 2 *Greenleaf
on Evidence, secs.* 584, 591 *and* 599; 12 *Wend* 96; 5 *id.* 170;
8 *id.* 545; 1 *Cowen,* 309; 1 *Abbott's Pr.,* 433.

*P. J. Lewis,* for defendant, cited 13 *New York,* 238 – 248;
7 *Hill,* 35; 3 *Denio,* 45; 2 *id.* 643; 16 *Wend.,* 562; 1 *Hill,*
118; 48 *Barb.,* 85.

LANDON, *J.*— It is necessary for the plaintiff to prove a
judgment upon which the execution issued. Whatever right
the plaintiff has rests upon that judgment (3 *Denio,* 45; 7
*Hill,* 35). The officer has been permitted, when sued for a

false return, to show that the execution was issued upon a void judgment (*Allen* agt. *Ward*, 8 *Mass.*, 79; *and cases cited in Earl* agt. *Camp*, 16 *Wend.*, *at page* 568). If there is no judgment there is no loss and if the defendant McNeil has not injured the plaintiff there ought to be no recovery. A reversed judgment is no judgment. But it is urged that when the execution was issued the judgment was in being and the officer neglected to do his duty. This is true, but the reversal of the judgment, fortunately for the officer, occurs before the trial of this action and enables him to show from the record that no valid judgment exists, although one has existed. The plaintiff, being bound to prove the existence of a valid judgment, fails upon the whole evidence and, therefore, proves nothing to uphold the execution. If the trial had been sooner the defendant would have no defense, but he has been permitted to show, what subsequent facts proved to be the truth, that the plaintiff was not injured by any negligence of the officer and if the plaintiff is without injury he is without action.

Judgment is directed for the defendant.