## HUNT *v.* BARRY.

### (*Orleans County Court.* April, 1889.)

**1. CONSTABLES—RETURN OF EXECUTION—INDORSEMENT OF RETURN.**
Code Civil Proc. § 3029, provides that a constable who takes personal property into his custody by virtue of an execution must indorse upon the execution the time of levying upon it. By section 3031 he is required to "return the execution to the justice, and pay to him the amount of the judgment, with interest, or so much thereof as he has collected." Section 3140, subd. 13, provides that the justice shall enter in his docket "the return of each execution, the time of the return, and a statement of any money paid to the justice thereupon, and when and by whom it was paid." *Held,* that it is not made the duty of the constable to indorse on the execution his return to the justice, but a manual delivery of it, with the moneys collected, to the justice, is sufficient to relieve him from liability under section 3039, for failure to return the execution.

**2. SAME.**
Section 23, relating to the duties of sheriffs on returning process issued to them, provides for the case of process issued out of a court of record, and declares that the same, when returnable, together with the return thereto, shall be filed, etc. No other provision is made for a record of the proceedings had under the execution. Section 1266 expressly requires the sheriff, where an execution is paid in full, to indorse a satisfaction upon the execution. *Held,* that these provisions are inapplicable to executions delivered to constables, for by section 3140 it is made the duty of the justice to make the record of the return of executions issued to constables, which by the above sections is made the duty of the sheriff to make, where the execution is issued to him.

**3. SAME—RETURN WITHOUT INDORSEMENT.**
Where an execution delivered to a constable is returned by him without the indorsement of any levy thereon, it is equivalent to returning the execution *nulla bona.*

On motion by plaintiff upon the minutes for a new trial.
*Calvin J. Church,* for plaintiff. *Whedon & Ryan,* for defendant.

SIGNOR, J. This action was brought to recover of the defendant, who is a constable of the county of Orleans, the amount of an execution issued to him upon a judgment recovered before MORGAN L. BRAINARD, Esq., justice of the peace of the town of Ridgeway, for a failure to return said execution in accordance with the provisions of section 3039 of the Code of Civil Procedure. The action was tried at the March term of the court, and a motion is now made, on the judge's minutes, for a new trial. Upon the trial it appeared that the execution was duly issued and received by the defendant, and was by him, after receipt thereof, handed back to the justice at his office, and received by him. There is no evidence as to when the execution was delivered to the justice, but from the presumption which arises in all such cases, "that public officers have performed their duty, it must be assumed that it was within the statutory time." There was no indorsement whatever upon the execution, and the plaintiff claims that the manual delivery of the execution to the justice, without an indorsement, is not such a return as is contemplated by the statute, or as will relieve the defendant from his liability for a failure to return. The question arising upon the trial, and to be determined upon this motion, is simply whether such return is sufficient. Section 3031 provides that "the constable must return the execution to the justice, and pay to him the amount of the judgment, with interest, or so much thereof as he has collected." Section 3029 provides that a constable who takes personal property into his custody by virtue of an execution must indorse upon the execution the time of levying upon it. There seems to be no other express provision of the Code which requires any other indorsement to be made on the execution,

and there is none unless it is implied in the direction to return the execution.

It is claimed by the plaintiff that the return must be made in the same form as on an execution delivered to the sheriff; but section 23 of the Code provides for the case of process issued out of a court of record, and provides that the same, when returnable, together with the return thereto, shall be filed, etc. Evidently, in such a case, something more is contemplated than the mere manual return of the paper. No other provision is made, in the case of an execution issued to a sheriff, for a record of the proceedings had under the execution, and where a return is spoken of under these circumstances it evidently means a return in writing indorsed upon the execution. Section 1266 also expressly provides that where such an execution is paid in full the sheriff must indorse a return of satisfaction upon the execution. The statute in this respect is so explicit that there can be no doubt of the duty of the sheriff in such a case.

It is argued on the part of the plaintiff that, if no return is made upon the execution in the case of a constable, there is no permanent record of what has been done under it, which it is claimed could not be intended by the provision of the Code. The case of *Shover* v. *Funk*, 5 Watts & S. 457, decided in the state of Pennsylvania in 1843, is cited as an authority in favor of the plaintiff. In that case the court said: " We are compelled to make great allowances for the unskillfulness of magistrates and other inferior officers. But it is going to an unreasonable length to hold that judicial proceedings may rest in the memory of witnesses." The Pennsylvania statute under which that action was brought directed the constable to make such return as the justice may deem sufficient. It does not specify what the return shall be, nor does it expressly direct that it shall be in writing. But the court say that where a statute directs anything to be done, particularly a judicial process, it must be done in writing. It will be noticed that the Pennsylvania statute does not direct simply that the execution shall be returned to the justice, but that such a return shall be made as the justice shall deem sufficient. In such a case there can be no question but that something more than the manual delivery of the execution was intended. Nor does it appear that there was any other provision for recording what was done under the execution than by the return provided for by the statute. Under the Code of Civil Procedure, if any levy was made, provision is made for indorsing the time of levy upon the execution; so that, where an execution is returned without the indorsement of any levy being made, it would be equivalent to returning the execution *nulla bona*.

By section 3140 of the Code, express provision is made for the permanent record of all proceedings on an execution issued to a constable, and the return which it is made the duty of the sheriff to make where an execution is issued to him, it is made the duty of the justice to make in case of an execution issued to a constable. Subdivision 13, § 3140, provides that the justice of the peace shall enter into his docket book "the return of each execution, the time of the return, and a statement of any money paid to the justice thereupon, and when and by whom it was paid." In the Pennsylvania case, although it does not appear that any express provision was made for the entry by the justice, the court say that the return might be sufficient, if entered in the docket book of the justice. In the case of *Hampton* v. *Boylan*, 46 Hun, 151, the general term of this department held that where a justice had removed from the county, and a constable returned his execution to the office of the clerk of the town where the justice had deposited his books, in accordance with the provisions of law, that the return was sufficient. It is true that it does not appear in that case whether any indorsement was made upon the execution or not; but I assume, from what I am able to gather from the case, that there was none. I am of the opinion, therefore, that it is not made the duty of the constable to make the return contended for by the plaintiff, but that it is the duty of the justice who issued the execution to make such a return in his

docket, and that, when the constable has returned—that is, delivered the execution received by him, together with any moneys collected by him thereon —he has fulfilled his duty, and is not liable simply because he failed to make an indorsement upon the execution which the Code makes the duty of the justice to enter in his docket book. For these reasons the motion for a new trial on the minutes is denied, with costs.