## KNAPP v. SWEET et al.

(Supreme Court, Special Term, Chemung County. May 20, 1890.)

1. ACTION AGAINST CONSTABLE—FAILURE TO RETURN EXECUTION — DEFENSES.
   Code Civil Proc. § 3039, providing that where a constable neglects to
   return, within a certain time, an execution issued on a judgment for
   money only, the execution creditor "may recover in an action against
   the constable the amount of the execution," does not give an absolute
   right of recovery in such case, but it may be shown as a defense that the
   execution debtor had no property subject to execution.

2. SAME—LIABILITY OF SURETIES.
   Where a constable's bond is conditioned to pay over all moneys received
   by him, and such damages as any person "may sustain from or by any
   act or thing done by the said" constable, the surety is not absolutely lia-
   ble to an execution creditor for the statutory penalty, which the con-
   stable incurs on his failure to return an execution, but he may show that
   the execution creditor was not injured by such failure.

Action by Wilmot E. Knapp, as receiver of Walter E. Colegrove,
against Jacob D. Sweet and Paul Colson. There was a verdict for
defendants, and plaintiff moves for a new trial on a case and ex-
ceptions. Denied.

H. D. Wilcox, for plaintiff.
H. H. Rockwell, for defendants.

FORBES, J. This action was commenced in the name of Walter
E. Colegrove as plaintiff against the defendant Jacob D. Sweet,
who was an acting constable in the county of Chemung, and Paul
Colson, who was the surety of the other defendant upon a con-
stable's bond. The action was sought to be maintained on two
theories. Walter E. Colegrove obtained a judgment in justice's
court in the county of Chemung against Nancy Benson and Henry
H. Benson for $49.14 damages and $5 costs, amounting in all to
the sum of $54.14. An execution was issued upon said judgment,
and, by a special arrangement with the defendant Sweet, was
placed in his hands for enforcement under an agreement, made at
the time, that the defendant Sweet was to receive a bond of in-
demnity from the plaintiff upon said execution. Sweet communi-
cated to the plaintiff's agent, before he received the execution,
that the defendants had no property out of which said execution
could be made; that there were certain chattel mortgages cover-
ing all the property which they owned, and against which the
execution could have been otherwise levied, and the judgment col-
lected; and the defendant Sweet declined to attempt to enforce
the execution in the ordinary way. The evidence shows that the
plaintiff agreed to visit the town clerk's office, ascertain the facts
concerning the property of the defendants in the execution, com-
municate with the defendant Sweet in reference thereto, and give
him a bond of indemnity, if the plaintiff concluded to try to en-
force the execution. The defendant Sweet thereupon levied upon
the property of the Bensons, advertised it for sale in the usual
way, postponed the sale twice, and waited for the bond of indem-

nity which had been agreed upon. The plaintiff in the judgment failing to execute the bond of indemnity, the defendant Sweet, within the time required by law to return his execution, sought to make a return thereof to the justice who rendered the judgment and issued the execution. The plaintiff in the judgment and the justice before whom the judgment was rendered lived near each other. The defendant Sweet lived in another town, in a remote part of the county, some 16 or 18 miles from Colegrove. Not finding the justice at home, Sweet left the execution with one Quinn, who was a constable in that town, with instructions to him to hand the execution to the justice; Sweet having made his return in form upon the execution nulla bona. Quinn was taken sick, and failed to hand the execution to the justice within the 60 days allowed by law. The plaintiff in the judgment was his attending physician, and knew of the return upon the execution, and that it was in the hands of Quinn, with instructions to hand the same to the justice. This action was commenced against the defendants to recover the amount of the judgment, with interest thereon, upon the theory—First, that the constable, Sweet, did not return the execution within the time required by law; and, secondly, upon the ground that he released his levy upon property out of which the money upon the execution could have been made.

Among other defenses, the defendants claim that the execution was accepted by the constable with the express understanding that he was to be indemnified by Colegrove, and that the execution was held by him, and the return thereof delayed until the 60 days had nearly expired, awaiting the fulfillment of that agreement on Colegrove's part; secondly, that the Bensons had no property out of which the amount of the execution could have been made, and that the plaintiff in the judgment suffered no damages in consequence of the nonreturn of said execution. The case was tried at the Chemung circuit, before a jury, which rendered a verdict for the defendants. This motion is made for a new trial upon a case and exceptions, and the only question which needs any serious consideration is the one already suggested by the last-named defense.

The court was asked to charge that under section 3039 of the Code of Civil Procedure the plaintiff was entitled to recover for the nonreturn of the execution. This request was unqualified, and assumed that the plaintiff was entitled to recover the full amount of the judgment and execution, independently of the question whether the judgment could have been enforced against the Bensons, or that any damages had been sustained by the plaintiff in the nonreturn. The court refused to thus charge, and an exception was taken by the plaintiff's attorney; the court holding and ruling that, upon the complaint, the question was one to enforce the liability of the defendants upon the constable's bond. Section 3039 provides that an action may be maintained against the constable for a neglect to return an execution within "sixty-five days after the return day thereof, and that the party in whose favor

it was issued may recover, in an action against the constable, the amount of the execution, if it was issued upon a judgment for a sum of money only, with interest from the time when the judgment was rendered." The contention of the plaintiff is that this section must be construed as giving an absolute right of recovery, not only against the constable, but against his surety upon the bond. This we do not believe to be a warranted construction of the section referred to. While such an action, within the terms of the section, may be commenced against the constable, it is doubtful, as the law now stands, under the complaint and upon the form of undertaking in this case, whether such an action can be maintained. Undoubtedly the nonreturn of an execution in an action against the constable and his surety might be used as prima facie evidence of their liability upon the bond where no defense was interposed, and no evidence given upon the trial warranting a submission to the jury of the question as to whether there had been a breach or neglect of duty from which the plaintiff in the execution had suffered damages. This would seem to be so from section 3041, which provides for an action against the constable and his sureties for a neglect to pay over money which has been collected upon an execution; but this section does not necessarily exclude the idea that an action may be maintained by the judgment creditor for a neglect of duty on the part of the constable, under section 3039. Section 3039 is in the nature of a penalty imposed for a neglect of duty on the part of a constable to return the execution within 65 days after the return day thereof, and the nonreturn is prima facie evidence of his liability for the amount of the judgment and interest thereon. But is this rule to be applied when a defense is made that the plaintiff in the execution was not damaged or injured from the want of such return? We think not. It was held in the case of Curry v. Farley, 8 Daly, 228, "that the constable does not incur the statutory penalty by his failure to return and file the execution within the time specified if in fact he has not collected any money thereupon."

The undertaking on the part of the defendant Colson, and also on the part of the defendant Sweet, who executed the bond as surety was: First, "that they did jointly and severally agree to pay to each and every person who may be entitled thereto all such sums of money as the said Jacob D. Sweet may become liable to pay on account of any execution or treasurer's warrant or other process which shall be delivered to him for collection;" second, "and we do hereby further jointly and severally agree to pay each and every person any damages which he may sustain from or by any act or thing done by the said Jacob D. Sweet as constable, by virtue of his said office of constable." This was the extent of the undertaking on the part of the defendant Colson, and he could be held to no further liability than that which was undertaken by him, to wit, "to pay any damages which the plaintiff in the execution sustained" by reason of any neglect of duty on the part of the constable in returning, or in an omission to return, within

the time prescribed by law, the execution which was placed in his hands. People v. Lucas, 93 N. Y. 585.

Was the plaintiff entitled to an unqualified charge to the jury, under the evidence in this case, upon the defense made, that the constable was liable, and that his bondsman was liable with him, whether the plaintiff in the execution had been damaged or not by the nonreturn of the execution? This was a defense in mitigation of damages, an attempt to lessen the extent of the liability on the part of the constable and his surety. This position seems to be warranted by all of the earlier cases in this state and in Massachusetts. Weld v. Bartlett, 10 Mass. 474. See Freem. Ex'ns, § 368, p. 608; Pardee v. Robertson, 6 Hill, 550; Ledyard v. Jones, 7 N. Y. 550; Bowman v. Cornell, 39 Barb. 69. Section 3039 cannot always be enforced literally. The constable may defend himself upon the ground that the property was taken from him by legal procees, (Swezey v. Lott, 21 N. Y. 481,) or that the judgment upon which he was required to enforce the execution was void; and this is a perfect defense to the nonreturn, or the want of enforcement of his execution, (Reid v. Stegman, [N. Y. App.] 1 N. E. Rep. 672.) Again, the sheriff may show, in mitigation of damages, in such an action, that he was unable to collect the execution by an exercise of proper diligence,—as that the defendant in the execution was insolvent; or he may show that the plaintiff's conduct was such that it was the cause or the excuse for the nonreturn of the execution. Bank v. Curtiss, 1 Hill, 275. In an action against a sheriff for an escape he may give evidence of the poverty of the prisoner, or give evidence of other circumstances tending to show the actual damage of the plaintiff, and to this amount the jury are authorized to limit the verdict. Patterson v. Westervelt, 17 Wend. 543. In an action against a constable for a false return to an execution the defendant may prove, in bar of the action, that the judgment was reversed. Inman v. McNeil, 57 How. Pr. 151. Upon this branch of the case, therefore, we think the charge was as favorable to the plaintiff as it could have been made under the evidence in this case. There is probably no doubt that the execution was not properly returned, within the requirements of the Code of Civil Procedure, relating to justice's court; and the jury was so charged. Hunt v. Barry, (Co. Ct.) 6 N. Y. Supp. 568; Hampton v. Boylan, 46 Hun, 152. Upon the question of the liability of the defendant Sweet and his surety, under the bond, the charge of the court to the jury was as favorable to the plaintiff as the law requires. The motion for a new trial must be denied, with costs to the defendants.