Germon
v.
Swartwout.

Germon *vs.* Swartwout and others.

*The specifica-*
*tions of the i-*
*tems for which*
*a judgment is*
*confessed un-*
*der the sixth*
*and seventh*
*sections of the*
*"act to extend*
*the jurisdiction*
*of justices of*
*the peace," as*
*well as the*
*oath, must be*
*in writing.*
*A constable,*
*however, sued*
*for neglecting*
*to return an*
*execution issu-*
*ed on such*
*judgment, and*
*his sureties,*
*cannot avail*
*themselves of*
*an omission to*
*comply with*
*the require-*
*ments of the*
*statute in*
*these particu-*
*lars.*

This was an action of *covenant,* tried at the Rensselaer circuit, in November, 1826, before the Hon. William A. Duer, one of the circuit judges.

The action was against a *constable* and his sureties on a bond given for the faithful performance of the duties of the constable, who had neglected to return two executions delivered to him, issued on judgments obtained by the plaintiff, one against Enos for $4,26, and the other against one Chapman for $58,20. The judgment against Chapman was on confession before a justice, but was not in writing nor was any specification of the items of the plaintiff's demand filed. The defendant made oath that the plaintiff's demand against him was a true and just demand, but he did not state that the confession was a bona fide, and not made for the purpose of defrauding creditors. The presiding judge ruled that the statute had not been complied with in reference to the confession. The plaintiff excepted. The jury rendered a verdict for the plaintiff for $2,63, the balance due on the execution against Enos. A motion was made by the plaintiff to set aside the verdict, and for a new trial.

*J. L. Viele,* for plaintiff.

*J. Pierson,* for defendant.

*By the Court,* Sutherland, J. The specification of the items for which a judgment is confessed, under the *sixth* and *seventh* sections of the act of 1818, (Statutes, vol. 4, 80 c,) as well as the oath, should be in writing. The *fifteenth* section expressly requires the confession to be in writing, and to be signed by the party. The object of the act could not be accomplished if it were held *that a parol specification was sufficient.* The intention of the legislature was to prevent fraudulent confessions of judgment, by compelling the party to declare upon oath what the judgment was for, so that creditors might have it in their power to ascertain whether it was for a

real demand; and if not, to punish the party guilty of the fraud and perjury. This could not be effectually accomplished, unless a specification in writing was required. The judge, therefore, ruled correctly that the statute had not been complied with in the judgment confessed by Chapman to Germon. But in *Griffin* v. *Mitchell*, (2 Cowen, 548,) it was decided that the omission to take the oath and make the specifications required by this act, in judgments by confession, rendered the judgment void as to creditors only, but left it valid and binding as against the defendant. It necessarily follows, that neither the constable to whom an execution upon such a judgment is issued, nor his sureties, can avail themselves of this omission or defect in the judgment. If it was not absolutely void, the constable was bound to enforce the execution in the ordinary manner. On this ground, the plaintiff was entitled to recover the amount of the first judgment, as well as the balance on the second; and a new trial must therefore be granted.