SLOAN and others *vs.* CASE.

*Debt* lies against a constable and his sureties for the *mere neglect to return* an execution ; it is not necessary to shew *monies collected* by him, to sustain the action.

After the decision of a demurrer against a defendant, a justice may refuse to give leave to plead ; the exercise of his discretion however, in this particular, is subject to review by *certiorari.*

ERROR from the Sullivan common pleas. Case sued Sloan and two others in a justice's court, on the *instrument in writing* required to be given by a *constable* on his election. Sloan was a constable ; the other defendants were his sureties. The declaration set forth the election of Sloan, the making of the required instrument, the issuing of an execution on a justice's judgment in favor of the plaintiff against one Ryder for a certain sum of damages and costs, the delivery of the execution to the constable, and that the constable did not return or make return to the execution according to the terms thereof, nor within the time limited by law for such return, but wholly neglected so to do, whereby the constable became liable to pay the amount of the execution ; concluding with the allegation that neither of the defendants had paid the same. The defendant admitted the facts alleged by the plaintiff, but demurred generally to the declaration, and the parties proceeded to argument. The justice ruled that the demurrer was not well taken. The defendants then asked leave to withdraw the demurrer and to plead to the action, offering to pay the plaintiff's costs. The justice refused to give such leave, and rendered judgment for the amount of the execution set forth in the declaration, certifying in his return to the *certiorari* sued out by the defendants, that the judgment was rendered by him upon the *admission* made by the defendants' counsel on the joining of the issue. The common pleas of Sullivan affirmed the judgment, and the defendants sued out a writ of error.

*W. J. Street,* for the plaintiffs in error, insisted, 1. That the *mere neglect to return an execution* is not a breach of the obliga-

NEW-YORK,
May, 1833.

Sloan
v.
Case.

tion entered into by a constable and his sureties, *unless monies have come to his hands* on account of the process which he neglects to return ; 2. That the justice erred in refusing leave to plead to the defendants, on the decision of the demurrer against them ; and 3. That he erred in entering judgment, without proof and assessment of damages.

*A. Dimmick & A. C. Niven*, for defendant in error.

*By the Court*, NELSON, J. In *Kellogg* v. *Wilder*, decided in July term, 1831, (not reported,) the first question raised in this case was decided, and it was there held that for a *mere neglect to return an execution*, a suit lay against a constable and his sureties. In *Warner* v. *Racey*, 20 *Johns. R.* 74, a justice's judgment, rendered against a constable, was reversed because there was no evidence *that money had come to his hands ;* but there the condition of the bond was for the payment of all sums of money which should come into Warner's hands for collection by way of execution, and not in the terms of the statute, to pay to each and every person such sum of money as the constable *should become liable to pay* for or on account of any execution, &c. In *Gardner* v. *Jones*, 20 *Johns. R.* 357, the liability of the constable for the mere neglect to return is fully recognized. Every person chosen or appointed to the office of constable is required, before entering on the duties of his office, to enter into an *instrument in writing* with one or more sureties, by which he and they shall jointly and severally agree to pay to each and every person who may be entitled thereto, all such sums of money as the constable *may become liable to pay* on account of any execution which shall be delivered to him for collection, 1 *R. S.* 346, § 21, being a reenactment of the act of 1813, 2 *R. L.* 126. It is clear that the responsibility of the sureties is co-extensive with that of the constable, and that they are liable whenever he is liable to a party in whose favor an execution has been delivered to him. It would be doing violence to the language and obvious intent of the act, and greatly abridge the rights of parties, to confine such responsibility to cases only in which monies had been collected and remained in the hands of the officer.

The provision in the revised statutes, 2 *R. S.* 253, § 159, in terms more express than the act of 1824, subjects the constable to an action of debt for *neglecting to return* an execution, and authorizes a recovery against him for the amount of the execution, with interest. The following cases shew the general understanding of the profession and of the court as to the liability of constables and their sureties : 13 *Johns. R.* 191 ; 14 *id.* 225 ; 3 *Wendell,* 282 ; 2 *id.* 615. The provision in the revised statutes, 2 *R. S.* 254, § 163, giving the action of *assumpsit* against the constable and his sureties for *monies collected* upon an execution, in no way affects the general responsibility of constables and their sureties under the act, 1 *R. S.* 346, § 21. Assumpsit in the particular case of monies collected was probably given from abundant caution, though I cannot perceive its importance ; at all events, I cannot construe it as *limiting* the responsibility of the sureties to cases where monies have been actually collected.

The justice decided correctly in overruling the demurrer, and as by it the delivery of the execution to the constable and the amount of it were admitted, it was competent to the justice to compute the interest and render final judgment. Demurrers in justices' courts are usually put in and heard without much formality, being generally decided at the time. Generally, when the decision is against them, the justice should allow them to be withdrawn, and should give liberty to plead, if asked for ; still, it is a question in some manner resting in the discretion of the justice, and I am not prepared to say that discretion was abused in this case. The justice returns that the defendant admitted (independently of the demurrer) all the facts in the declaration ; and on this ground, no doubt, he refused liberty to plead. Should the discretion thus reposed in a justice be abused, the common pleas ought to interfere ; the error would be similar to an improper refusal to grant an adjournment, and to some other cases in which the justice is bound to exercise a sound discretion.

Judgment affirmed.