# SUPREME COURT.

## Moore agt. Smith and Marshall,

In an action against a constable and his surety, for official liabilities, the plaintiff may, by proper allegations in his complaint, unite the following causes of action :—

1. That the constable levied upon sufficient property of the defendants to satisfy the plaintiff's execution then in his hands.
2. That the constable neglected to return the execution according to its requirements, and
3. That the constable keeps and detains the money he has received on the execution.

But these several causes of action must be *separately stated.*

And where a complaint contains these several causes of action, not separately stated, a *demurrer* to the complaint, in order to reach the difficulty, must specify particularly, as a ground of demurrer, that the several causes of action are *not separately stated.*

*Dutchess Special Term, Feb.*, 1855.—Demurrer to complaint. THE action is against Smith, as constable, and Marshall as surety on Smith's official bond.

The complaint charges that Smith, on the 26th of February, 1854, received from the plaintiff an execution, issued on a justice's judgment in favor of the plaintiff, against one Wandall, for $91. That the defendant, Smith, took, by virtue of the execution, sufficient goods and chattels of the defendant in the execution to satisfy the same. It then charges that Smith has not returned the execution, though a sufficient time has elapsed, but keeps and detains the same, *together with the money he has received thereon ;* and, by reason of such neglect, plaintiff has sustained damage to the amount of $91 and interest.

The complaint then states the election of Smith—the execution by him and Marshall of the bond required by the statute, setting out a copy, and concludes, *Therefore* the plaintiff claims a judgment against the defendants for $91 and interest &c.

The defendants demur to the complaint, " on the ground tha
several causes of action have been improperly united therein."

JOHN THOMPSON, *for plaintiff.*

C. FROST, *for defendants.*

DEAN, Justice.   The taking of sufficient goods of the de-
fendant, on the execution, to satisfy the same, is in itself a
satisfaction thereof, and would make the constable liable to the
plaintiff in the execution; the neglect to return the execution
according to its requirement, will subject the constable to an
action for such neglect; and the withholding of the money
collected on an execution, after the return day thereof, is also
a cause of action against a constable.   It was my impression,
on the argument, on my recollection of the statute, (2 *R. S.*
253, § 159,) that for the neglect to return the execution, the
constable only was liable, and not the surety; and therefore
that there had been an improper joinder of causes of action.
But, on examination, I find it has been decided (*Sloan and others*
agt. *Case,* 10 *Wend.* 370) that the sureties are liable for the
mere neglect to return the execution.   Admitting, therefore,
that there are three distinct causes of action in this complaint—
and there certainly are allegations in reference to three—are
they such actions as may not be joined in the same complaint?
I think not.   They affect all the parties to the action; they
require the same place of trial, and they all arise out of trans-
actions connected with the same subject of action, viz., the
liability of the constable to the plaintiff on the execution de-
livered to him.   I think, therefore, that these causes of action,
separately stated, might be united in the same complaint.

They are not, however, separately stated; and it is doubtful
whether the plaintiff's attorney intended to state more than a
single cause of action, viz., the neglect to return the execution.
He has, however, by alleging the levy on sufficient property
to satisfy the execution, and the detention of the money re-
ceived thereon, inserted allegations immaterial to substantiate
his claim for a neglect to return the execution, and must be

deemed to have intended these as substantive causes of action. The complaint is, therefore, liable to the objection that the causes of action are not separately stated.

But can the defendants, on this demurrer, avail themselves of this defect? The demurrer (§ 145 *of the Code*) "must distinctly specify the grounds of objection to the complaint." The ground stated in this demurrer is, "that several causes of action are improperly united therein." That is, that tort and contract, or some other of the causes of action, which cannot be tried together, are united; and not that they are not separately stated in the complaint.

This demurrer, therefore, must be overruled; but, as the complaint is defective for the reason stated, without costs;— the defendants to have leave to plead within twenty days after notice of the entry of the order on this decision. The plaintiff is also at liberty to amend his complaint within said twenty days without costs, by separately stating his causes of action; and in case of such amendment, the defendants to have twenty days, after service of a copy of such amended complaint, in which to plead thereto.