## WILLIAM BROWN *v.* WILLIAM B. JONES.

The provisions of 2 Revised Statutes, 253, sec. 159—giving the party, in whose favor an execution is issued, an action of debt against the constable receiving it, who fails to return it within five days after the return day, and in which action it is provided that the recovery shall be the amount of the execution with interest—do not apply to process issued out of the Marine or justices' courts of the city of New York.

When a constable fails to return an execution issued out of the Marine Court, that court may compel its return by attachment, or the party in whose favor it is issued may bring an action against the constable for his neglect, and in which a recovery may be had to the extent of the damages proven to have been sustained by reason of the default of the officer.

The decisions of the Marine Court upon questions respecting its practice, and not affecting the merits of an action, are not the subject of review in this court.

Answering in bar to the action waives all matter which might be set up in abatement.

APPEAL by defendant from a judgment of the Marine Court. This was an action brought against the defendant, who is a constable of the city of New York, under the following provision of the Revised Statutes.

"If a constable neglect to return an execution within five days after the return day thereof, the party, in whose favor it was issued, may maintain an action of debt against such constable, and shall recover therein the amount of the execution, with interest, from the time of the rendition of the judgment upon which the same was issued." 2 R. S. (4th ed.), p. 449, sec. 142 ; margin p. 253, sec. 159.

The summons was for a money demand on contract. The complaint averred that William Brown, the plaintiff, recovered a judgment against Peter Larkin and Edward Donaghan for $269.39, and that an execution was issued thereon to the defendant as constable, which he had failed to return within five days from its return day, and demanded judgment for the amount of the original judgment under the statute cited above. On the return of the summons, the defendant moved to dismiss the com-

plaint because of variation from the summons. The motion was denied.

Upon the trial the plaintiff produced the record of the judgment in favor of himself, and against Larkin and Donaghan, and the defendant admitted that he had received an execution thereon, which had not been returned. It was proved also that he had paid the plaintiff $95 on the execution. The court rendered judgment for the amount of the original judgment and interest, deducting this payment, and the defendant appealed.

*H. V. Vultee*, for the appellant.

*Frederick Rice*, for the respondent.

INGRAHAM, FIRST JUDGE.—The objection to the summons is not one that can be made available in this court. That objection was made in the court below upon a motion to dismiss the summons, for a variance between it and complaint. That was a mere question of practice in that court, the decision of which is not a subject of review here. If the defendant wished to present the matter before this court on appeal, it could only be by setting it up in the answer in abatement of the suit.

Even if such had been done in the court below, the defendant waived his right to review it on appeal, by answering in bar. We have repeatedly so held, and it is now the settled practice of this court on appeal. 1 E. D. Smith Rep. 412, 615.

This action was to recover from the constable the amount of an execution delivered to him to be executed, on the ground that he neglected to return it within five days after the return day, under the provisions of the 159th section of title 4, chapter 2, part 3, of R. S. 2 R. S. 253.

These provisions of the Revised Statutes are not applicable to the courts in this city. By the 231st section of the same title, it is provided that this title shall not be considered as applicable to the courts in the city of New York. I know of no provision of law which at any time since has made them applicable, and the counsel for the plaintiff has not referred to any as furnishing

any authority upon which such a ruling, as is necessary to sustain the judgment, can be upheld.

The provisions of law, relating to executions out of the Marine Court, may be found in the 99th section of the act to reduce the laws relating to the city of New York, &c. (2 R. L. [1813], p. 370), made applicable to the Marine Court by section 135 of the same act. These sections provide a penalty against the officer for not levying within five days after receiving the execution, or in fifteen days after levy, for not paying into the court the damages and costs so levied, to the amount of such execution. No provision is made in this statute of any penalty for not returning the execution as in the justice's court statute before referred to.

As the complaint in this case avers no other default, on the part of the defendant, than not returning the execution, and claims to recover only for the penalty imposed under the provisions of the Revised Statutes (which do not apply to the Marine Court), I do not see how the judgment can be sustained.

Even if we were to disregard the pleadings, we could not sustain the judgment upon the evidence. There is no proof of any default on the part of the officer, except for not returning the process. It does not appear that he did not levy, nor that he ever received any money which he ought to have paid over. Without proof of some default, such as the statute designates, the plaintiff could not recover. The plaintiff is not without remedy against an officer, in the Marine Court, for not returning an execution. That court may compel the return by attachment, under its present organization and powers; or the plaintiff may bring an action on the case for not returning the execution, but, in such a case, he does not recover the amount of the execution, but such damages as he has sustained in consequence of the default of the officer. *Buck* v. *Campbell*, 15 John. R. 456. Such damages must be proven, and where, as in this case, part of the amount was paid afterwards by the officer to the plaintiff, he could not claim, as damages, the whole amount of the judgment.

Judgment reversed.