JABEZ C. CROOKER, PLAINTIFF IN ERROR, v. SAMUEL M. MELICK, DEFENDANT IN ERROR.

1. **Amercement of Officers.** Section 513 of the Civil Code gives a more expeditious remedy against sheriffs and other officers in certain cases, but gives no additional right, unless it be the penalty therein provided, and as to that, *quære*.

2. ———: DAMAGES. In all actions against sheriffs or other officers for failure to return writs of execution, etc., the inquiry is permitted whether the debt could have been collected, and whether its collection has been prejudiced by the acts of the defendant.

3. ———: ———. The actual loss sustained by the plaintiff in the value or availability of his security by reason of the act or negligence of the defendant is the measure of his damages.

4. ———: ———: EVIDENCE. All legal facts necessary and proper to prove or disprove such damages may be pleaded and proved.

ERROR to the district court for Lancaster county. Heard below before MITCHELL, J.

*John S. Gregory*, for plaintiff in error.

*Caldwell & Christy*, for defendant in error.

COBB, CH. J.

The plaintiff in error made and presented in the district court of Lancaster county his motion in writing against the defendant in error, in the following words:

"Now comes the plaintiff in said cause, and moves the court for an order of amercement against Samuel Melick, sheriff of Lancaster county, in two causes of action, wherein Jabez C. Crooker is plaintiff, and Edward Haley is defendant, for the reason that executions in said sheriff's hands were not returned by him within the time and manner provided by law, and the sheriff neglected and refused to levy the same upon property of the said Haley, when requested so to do by said plaintiff.

"The amount of amercement demanded is the sum of $297.00, being the amount and interest due upon said judgments and executions.

"(Signed)                                J. C. CROOKER."

To which the defendant in error made and filed the following answer:

"In regard to the motion of Jabez C. Crooker to amerce Samuel Melick, sheriff of Lancaster county, Nebraska, in two causes of action wherein Jabez C. Crooker is plaintiff, and Edward Haley is defendant.

"1. The said Samuel Melick, sheriff of Lancaster county, did within the sixty days make diligent search and inquiry, and found no property of the judgment debtor upon which to make a levy, and informed the said J. C. Crooker, and also notified him within the sixty days, that if he could point out property belonging to the said defendant that he would make a levy upon the same.

"2. That the judgment debtor was possessed of no property subject to execution in Lancaster county.

"3. The money could at no time have been made upon said execution between the issue and the return of said execution.

"4. That the judgment debtor was wholly insolvent, and was possessed of no property subject to execution between September the 24th, and December the 16th, 1884.

"(Signed)                                SAMUEL MELICK."

With affidavit of verification.

The following is the journal entry showing the final order of the court in said matter:

"This cause having been submitted to the court at a former day of this term, to-wit, June 29th, A.D. 1885, without argument, upon the motion of the plaintiff for an order of amercement against Samuel Melick, sheriff of Lancaster county, in two causes wherein Jabez C. Crooker

is plaintiff, and Edward Haley is defendant, for the reason that executions in said sheriff's hands were not returned by him within the time and manner provided by law, and the sheriff neglected and refused to levy the same upon property of the said defendant when requested so to do by said plaintiff, and now upon due consideration of said motion, and the answer to said motion filed herein by said sheriff, the court overrules said motion, to which plaintiff duly excepts, and forty days from the rising of court is hereby given plaintiff to reduce his exceptions to writing."

The record also contains copies of the executions in the two causes, with the sheriff's returns thereon. There is no bill of exceptions, and as neither the petition in error nor the brief of counsel point out the error of the district court with greater particularity than that the court erred in overruling the motion for amercement, I conclude that the case was disposed of as though the answer of the sheriff was demurred to by general demurrer on the part of the plaintiff, and it will be disposed of here upon that theory.

Our statute, sec. 513, Civil Code, provides as follows:

"If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come into his hands; or shall neglect or refuse to sell any goods and chattels, lands, and tenements; or shall neglect to call an inquest and return a copy thereof forthwith to the clerk's office; or shall neglect to return any writ of execution to the proper court, on or before the return day thereof * * * such sheriff or other officer shall, on motion in court and two days' notice thereof in writing, be amerced in the amount of said debt, damages, and costs, with ten per centum thereon, to and for the use of said plaintiff or defendant as the case may be."

The only new liability sought to be created by the above statute is the penalty of ten per cent. Without the statute the sheriff would be equally liable for all but the pen-

alty. With it he is only liable for actual damages, possibly with the penalty added. The statute gives a short, cheap, and expeditious remedy, but it only lies where an action in the nature of trespass on the case would lie.

In the case at bar, if it be true, as stated by the sheriff in his answer, that Edward Haley, the execution defendant, had no property within the county at any time during the life of said writs of execution out of which the same or any part thereof could have been collected, how can it be said that the plaintiff was damaged by the failure of the sheriff to return the writs in time?

If the writs had no value when they came into the sheriff's hands, they could lose none by reason of their retention by him until after the return day. And they could gain none, except on the principle of forfeiture. Our laws do not favor forfeitures, and under the provisions of the constitution it is doubtful if the plaintiff can recover a technical *forfeiture* from the sheriff in such a case.

It is the boast of our improved system of pleading and practice that the actual facts of every case may be pleaded and proved without regard to fictions or technicalities. This would be of little avail if in cases like the one at bar the law had closed the door of investigation and ascribed to excusable neglect or unavoidable accident the same consequences of punishment and loss as those which follow criminal malpractice. But such is not the law. It is the actual damage which the plaintiff has sustained in the value or availability of his security that he is entitled to recover in such cases in either form of proceeding, and all legal facts touching such value and availability may always be plead and proved.

" *Notwithstanding the proof of the debt and the sheriff's neglect, the inquiry is permitted whether the debt could have been collected.* The original debt is, of course, the gist of

the action, and it is perfectly well settled that the existence of such debt must be proved by the plaintiff. But if that fact is established, the equally important inquiry remains, whether the recovery of the debt has been prejudiced by the acts of the defendant. In other words, whether under any circumstances it could have been collected of the defendant's property." 2 Sedgwick on the Measure of Damages, 7 Ed., p. 447.

The order of the district court is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.