MEYER HELLMAN ET AL., PLAINTIFFS IN ERROR, V. BENJAMIN SPIELMAN, DEFENDANT IN ERROR.

1. **Amercement.** In all proceedings against sheriffs or other officers for failure to return writs of execution, etc., the inquiry is permitted whether the debt could have been collected, and whether its collection has been prejudiced by the acts of the defendant. *Crooker v. Melick*, 18 Neb., 227.

2. ———: DAMAGES. In such cases the actual loss sustained by the plaintiff in the value or availability of his security by reason of the act or negligence of the defendant is the measure of his damages.

ERROR to the district court for Platte county. Tried below before NORVAL, J.

*McAllister Brothers*, for plaintiffs in error, cited: *Conkling v. Parker*, 10 Ohio State, 29. *Smith v. Martin*, 20 Kan., 575.

*M. Whitmoyer* and *G. G. Bowman,* for defendant in error, cited: *Webb v. Anspach,* 3 Ohio State, 522.

COBB, J.

This cause arises upon a motion by the plaintiffs in error made in the court below, on notice to the defendant, an ex-sheriff of Platte county, to amerce him for failing to return a writ of execution issued by the clerk of the district court of said county, and directed and delivered to the said defendant while acting as such sheriff.

No answer or pleading of any kind was made or filed by the defendant. The matter was tried to the court, which found that said motion should not be sustained, and that said sheriff is not liable to amercement; and adjudged that said motion be overruled, and said cause dismissed at the cost of said plaintiffs, etc. The plaintiffs bring the cause to this court on error.

There is but one error assigned, to-wit: "That the finding and judgment of said court is against the evidence and law of the case."

It appears from the evidence as preserved in the bill of exceptions that the execution, the alleged failure to return which constituted plaintiffs' cause of action, was issued on the 17th day of June, 1881, and was returned to the clerk's office on the 21st day of January, 1882. This evidence is not very satisfactory; the execution seems to have been lost; and the return was not transcribed into the execution docket; but something was pasted in the docket which it seems indicated the date of the return as above. The clerk testified that the reason why he did not enter the return in the docket was that it was too large; and the reason why he did not enter the date at the time was that the execution was lost.

It also appears that the execution above referred to was issued against the property of E. A. Baker and H. P. Ba-

ker, upon a judgment then lately obtained against them in
the district court of Platte county, in favor of Meyer Hell-
man and Aaron Cohn; also that on the 23d day of July,
1881, Alta A. Baker commenced an action in said court
against Benjamin Spielman, sheriff, Meyer Hellman, and
Aaron Cohn; and in her petition, among other things, al-
leged that the said Meyer Hellman and Aaron Cohn had,
on, etc., recovered a judgment against H. P. Baker and
Eunice A. Baker, in the district court of Platte county, for
the sum of $443.28, together with costs taxed at $11.98;
and had, on or about the 17th day of June, 1881, caused
an execution to issue upon said judgment, and placed the
same in the hands of Benjamin Spielman, sheriff of Platte
county, who, on or about the 22d day of June, 1881, lev-
ied the same on certain real estate which she, said Alta A.
Baker, claimed as absolute owner; and prayed an injunc-
tion to restrain the said sheriff from selling the same. It
further appears that a temporary injunction was issued in
said cause, and served on the said sheriff; and that the
said cause was afterwards tried in said court, and the said
injunction made perpetual. It also appears from the dep-
osition of the said sheriff that he was unable, after thor-
ough search and with due diligence, to find any other
property of the said H. P. Baker and Eunice Baker, or
of either of them, beside the said real estate the sale of
which was enjoined as aforesaid, within his county whereon
to levy; and neither of them had any such property to the
best of his knowledge. Also, that upon being served with
said injunction as aforesaid, and before the return day of
said execution, he made his return on the said execution to
the effect that he had made a levy on certain real estate
which, at the time and place of making his said deposition,
he could not describe; that he was enjoined by the court
from selling the same; and that he left said execution in
the office of the clerk of the court.

There was, therefore, evidence before the trial court from

which it may have found that the execution was returned in due time, or that the injunction placed it out of the power of said sheriff, or of the said Hellman and Cohn, to collect the money called for by said execution, or any part thereof, from the defendants therein.

The case of *Crooker v. Melick*, 18 Neb., 227, presented the question whether, in a proceeding to amerce a sheriff for failing to return an execution according to the command thereof, he could successfully defend by alleging and proving that the execution debtor had no property or effects out of which the execution or any part of it could have been collected. After a thorough examination and discussion of the question, we came to the conclusion that he could, and so decided that case. Since the presentation of this case we have carefully gone over the ground again, but fail to find any good reason to change the views there expressed. The judgment of the district court is therefore affirmed.

AFFIRMED.