STANISLAUS RUTZKOWSKI, Appellant, *v.* WILLIAM GEORGE, Respondent.

*Constable — his liability for a failure to return an execution — that it was not collectible is not a defense to him — costs on appeal — Code of Civil Procedure, §§ 3089, 3063.*

A constable is absolutely liable to a judgment creditor for a failure to return an execution within the time fixed by statute for that purpose, for the amount unpaid upon the execution.

It is not a defense to the constable that the judgment debtor had no property subject to levy upon execution.

Where the remedy against a constable is severe under the circumstances of a particular case, an appellate court may, in its discretion, refuse to give costs against him upon his unsuccessful appeal.

APPEAL by the plaintiff, Stanislaus Rutzkowski, from a judgment of the County Court of the county of Chautauqua, entered in the office of the clerk of the county of Chautauqua on the 30th day of July, 1895, upon the decision of the court rendered after a trial before the Chautauqua County Court reversing a judgment rendered by a justice of the peace, with notice of an intention to bring up for review upon such appeal an order dated July 10, 1895, adjudging that a certain judgment for costs recovered by the plaintiff against Oscar Naetzker and Peter Secula be set off against the amount of costs adjudged to be due from the plaintiff to the defendant by the judgment appealed from, and directing that defendant have execution for the balance.

*Thomas H. Larkins,* for the appellant.

*S. P. Fox,* for the respondent.

BRADLEY, J.:

The recovery in the Justice's Court against the defendant was for his default as constable in not returning an execution within the time prescribed by the statute. The view of the County Court was that the defendant should have been permitted to prove as a defense that the judgment debtor had no property subject to levy other than that seized and sold by the defendant on the execution, and that, therefore, it was error to exclude evidence offered tending

to prove such fact. This is the rule applicable to sheriffs. From an early day the statute has provided that the action against a sheriff in such case is one for damages sustained by the judgment creditor by reason of the default. (1 R. L. [1813] 423, § 10; 2 R. S. 440, § 77; Code Civ. Proc. § 102.) And the question whether the default was prejudicial to him is open to the sheriff in so far that he is permitted to prove in mitigation of damages that the debtor had no leviable property. (*Pardee* v. *Robertson*, 6 Hill, 550; *Ledyard* v. *Jones*, 7 N. Y. 550.) But that statute and the doctrine of those cases are not applicable to constables for default in returning executions issued to them. The Revised Statutes provided that " If a constable neglect to return an execution within five days after the return day thereof, the party in whose favor the same was issued may maintain an action of debt against such constable, and shall recover therein the amount of the execution, with interest from the time of the rendition of the judgment upon which the same was issued." (2 R. S. 253, § 159.) And that " a constable shall not levy upon or sell any property   *   *   * upon any execution, after the time limited therein for its return, unless such execution shall have been renewed," and then not after the time for which it shall have been renewed. (Id. § 161.) The same provisions remain effectual. (Code Civ. Proc. §§ 3039, 3040.) It may be observed that a constable is given five days within which to return an execution after the time when his power to take any proceeding thereon has terminated. It is otherwise with a sheriff. He may sell after the expiration of the return day mentioned in the process any personal property upon which he has previously levied an execution, and no formal act of levy upon real estate is essential for such purpose.

The statute declaring the liability of constables and the extent of it, is very clear in its terms and permits from the consequences of the default no relief by way of defense in the fact that the judgment debtor had no property subject to levy. The statute makes the amount of the execution the measure of liability. It is penal in its nature. And it should be enforced only in cases coming clearly within its provisions. (*Hampton* v. *Boylan*, 10 N. Y. St. Repr. 788.)

There is but very little judicial authority on the subject of this statute. The proposition is merely stated in *Sloan* v. *Case* (10

Wend. 370). Prior to 1857 the provisions of section 159 of the Revised Statutes, before referred to, were not applicable to constables in the city of New York. (*Brown* v. *Jones*, 3 Abb. Pr. 80; 1 Hilt. 204.) After the act of that year (Chap. 344, § 57) its provisions were so distinguished from those of the Revised Statutes in that respect as to relieve them from the penal character of those of that section. (*Curry* v. *Farley*, 8 Daly, 228.) In *Knapp* v. *Sweet* (24 N. Y. Supp. 817) the view of the court as there expressed was that the same right is allowable to mitigate damages by a constable, liable in an action for default in returning an execution, as is available to a sheriff as a defense. This would be so if the statute provided for the recovery of damages, but the provision that the party may recover against the constable " the amount of the execution " has no qualification in the terms of the statute. In *People ex rel. Comstock* v. *Lucas* (93 N. Y. 585) this question was not presented or considered.

It is suggested that the justice erred in rendering judgment in excess of the amount which the plaintiff was entitled to recover. It is very likely that if the attention of the justice had been specifically called to the fact that the costs of the justice in the judgment upon which the execution was issued had been paid by the defendant, the recovery would, as it should, have been twenty-one dollars and eighty-one cents instead of twenty-three dollars and ninety-seven cents. The amount of the execution, within the meaning of the statute, is that which remains unpaid to the justice or person entitled to it at the time when the action founded upon the default is commenced.

As the judgment was reversed by the County Court on the question hereinbefore mentioned, the matter of the excess had there no consideration. The correction, however, may here be made by deducting the two dollars and sixteen cents from the recovery as of the time of the entry of the justice's judgment appealed from. (Code Civ. Proc. § 3063; *Weed* v. *Lee*, 50 Barb. 354; *Fields* v. *Moul*, 15 Abb. Pr. 6.)

The action was originally commenced against George, the constable, and Naetzker and Secula, his sureties on his official bond. The justice dismissed the complaint as to those sureties. On an appeal by the plaintiff the judgment of dismissal was reversed by

the County Court, with costs, and that court directed that the costs against them should be set off against the costs there recovered by the defendant against the plaintiff. The plaintiff, in his notice of appeal to this court, expressed his intent to review that order. The reversal of the judgment against the plaintiff necessarily renders such order ineffectual.

The remedy sought against the constable is somewhat severe under the circumstances of the case, and, in view of the modification, the plaintiff, we think, should not have costs of the appeal to this court against him.

The judgment of the County Court in favor of the defendant George should be reversed, and that of the Justice's Court against him, reduced two dollars and sixteen cents, and as so reduced should be affirmed, with costs in the County Court and without costs of this appeal, and the order of the County Court directing that the costs recovered by the plaintiff against Naetzker and Secula be set off against those recovered by the defendant George against him should be reversed, without further costs.

LEWIS, WARD and ADAMS, JJ., concurred.