DITSCH, Appellant, vs. FINN, Respondent.

*January 12—February 6, 1934.*

*John W. Culbertson,* attorney, and *Anthony E. O'Brien* of counsel, both of Madison, for the appellant.

For the respondent there was a brief by *Darrell Mac-Intyre,* attorney, and *Lester C. Lee* of counsel, both of Madison, and oral argument by *Mr. MacIntyre.*

NELSON, J.   On May 31, 1932, a justice court judgment was duly rendered in favor of the plaintiff and against one Eldon Fish.   Execution on said judgment was duly issued and delivered to the defendant on July 13, 1932.   The terms of the execution required that it be returned to the justice of the peace within thirty days.   The execution was not so returned and had not been returned up to the time of the trial herein.

The plaintiff's action is based upon sec. 303.25, Stats., which provides:

"If an officer neglect to return an execution within five days after the return day thereof or shall neglect to serve the same the party in whose favor the same was issued may maintain an action against such officer, and shall recover therein the amount of the execution, with interest from the time of the rendition of the judgment upon which the same was issued."

The plaintiff contends that sec. 303.25 is clear and unambiguous, and must be enforced according to its terms; that said section clearly provides the amount of the penalty which may be recovered as liquidated damages by an execution creditor from either a sheriff or constable who neglects to return a justice court execution within five days after the return date thereof; and that that section does not permit the sheriff or constable to introduce evidence of the insolvency of the judgment debtor in mitigation of the damages claimed.

The defendant contends that a sheriff, at least, if not a constable, when sued for neglecting to return a justice court execution, may introduce evidence tending to show that the judgment debtor is wholly insolvent, for the purpose of mitigating the damages claimed.

The trial court was of the opinion that upon the trial of an action brought against a sheriff pursuant to sec. 303.25 such officer may show, in mitigation of the damages claimed, that the judgment debtor was, at the time the execution was delivered to him and ever since has been, wholly insolvent. The trial court based its opinion upon *Crooker v. Melick,* 18 Neb. 227, 24 N. W. 689.

Sec. 303.25, in substantially its present form, is first found in ch. 88 of the Statutes of 1849, which chapter relates to justice courts. That statute provided:

"Sec. 210. If an officer neglect to return an execution, within five days after the return day thereof, or shall neglect

to serve the same, the party in whose favor the same was issued, may maintain an action of debt against such officer, and shall recover therein the amount of the execution, with interest from the time of the rendition of the judgment upon which the same was issued; and if a judgment be obtained in such suit against the officer, execution shall immediately issue thereon."

That statute was undoubtedly adopted from the state of New York. See R. S. State of New York for the year 1829, Part III, ch. II, title 4, § 159, p. 253, which provided:

"If a constable neglect to return an execution, within five days after the return day thereof, the party in whose favor the same was issued, may maintain an action of debt against such constable, and shall recover therein the amount of the execution, with interest from the time of the rendition of the judgment upon which the same was issued; and if a judgment be obtained in such suit against the constable, execution shall immediately issue thereon."

The language of the New York statute is the same as sec. 210 of the Statutes of 1849, except that the latter contained the word "officer" instead of "constable" and the additional clause: "or shall neglect to serve the same."

While in our opinion the language of sec. 303.25 is so clear and unambiguous as not to permit of a construction except in accordance with its common and approved usage (sec. 370.01, Stats.), we may properly consider whether any other construction was given such language by the courts of New York prior to its adoption by this state.

It is of course elementary that where a statute is adopted from another state which statute had previously been construed by the courts of that state, it should be given the same construction here. See *Pomeroy v. Pomeroy,* 93 Wis. 262, 67 N. W. 430, and numerous other cases to the same effect cited in Callaghan's Digest under "Statutes," sec. 131. It is also elementary that where a statute is adopted from

another state before it has been construed by the courts of that state, our courts are free to put their own construction upon it and do not feel bound by any construction subsequently given to it by the courts of the state from which it was adopted. *Hogan v. State,* 36 Wis. 226.

Both parties to this controversy cite cases decided by the courts of New York at various times subsequent to the adoption of the statute by this state. The best considered case involving a construction of the New York statute which is similar to ours, but applies only to constables, is *Rutzkowski v. George,* 92 Hun, 412, 36 N. Y. Supp. 762, decided December 28, 1895. It was there held that if a constable neglect to return an execution within five days of the return day thereof, he shall be liable to plaintiff for the amount of the execution, not for the damages sustained, and that a constable cannot, in mitigation of a recovery, prove that the execution defendant had no property subject to levy. It was there said:

"The statute declaring the liability of constables and the extent of it is very clear in terms, and permits, from the consequences of the default, no relief by way of defense in the fact that the judgment debtor had no property subject to levy. The statute makes the amount of the execution the measure of liability. It is penal in its nature; and it should be enforced only in cases coming clearly within its provisions."

The particular statute there construed provided:

"Sec. 3039. If a constable fails to return an execution within five days after the return day thereof, the party, in whose favor it was issued, may recover, in an action against the constable, the amount of the execution, if it was issued upon a judgment for a sum of money; or if it was for the delivery of the possession of a chattel, the value of the chattel, as specified in the judgment, together with the damages and costs awarded thereby; and, in either case, with interest from the time when the judgment was rendered."

In *Rutzkowski v. George, supra,* it was pointed out that a different statute is applicable to sheriffs which permits the recovery of damages only. So in *Ledyard v. Jones,* 7 N. Y. 550, it was held that a sheriff may show in mitigation of damages that the defendant in the execution has no property upon which he could have levied. To the same effect is *Knapp v. Sweet* (Sup.), 24 N. Y. Supp. 817, in which it was held that a sheriff may show, as a defense to such an action, that the execution debtor had no property subject to execution.

When a statute has been judicially construed before its adoption by this state, the construction given it by the courts of the state from which it was borrowed is also adopted. We have therefore made a search for decisions of the New York courts construing this statute prior to its adoption by this state. In *Sloan v. Case,* 10 Wend. 370, the supreme court of New York held that an action for debt lies against a constable and his sureties for the mere neglect to return an execution. The court, speaking through Mr. Justice NELSON, said (p. 371):

"In *Kellogg v. Wilder,* decided in July term, 1831 (not reported), the first question raised in this case was decided, and it was there held that for a *mere neglect to return an execution,* a suit lay against a constable and his sureties. . . . It would be doing violence to the language and obvious intent of the act, and greatly abridge the rights of parties, to confine such responsibility to cases only in which monies had been collected and remained in the hands of the officer. The provision in the Revised Statutes, 2 R. S. 253, sec. 159, in terms more express than the act of 1824, subjects the constable to an action of debt for *neglecting to return* an execution, and authorizes a recovery against him for the amount of the execution, with interest. The following cases show the general understanding of the profession and of the court as to the liability of constables and their sureties: 13 Johns. R. 191; 14 id. 225; 3 Wend. 282; 2 id. 615."

*Sloan v. Case, supra,* was decided in May, 1833, and construed sec. 159, 2 R. S. 253, hereinbefore fully recited, which this state subsequently adopted.

The defendant earnestly contends that the statute should be construed to apply only to constables and not to sheriffs. To so construe it would be to give to its plain language a construction which could not be justified. Sec. 303.25 is found in ch. 303, which contains several forms of execution, each of which is directed "to the sheriff or any constable," etc. There can be no question but that the word "officer" found in sec. 303.25 includes both a sheriff and a constable.

This statute, as before stated, is first found in the Statutes of 1849. It has remained substantially unchanged for over three-quarters of a century. Exceptions to its plain language may not be written into it by judicial decree.

In 3 Freeman on Executions, sec. 368, in discussing the liability of officers for not returning executions, it is said:

"In many of the states the liability of an officer for not returning an execution is fixed by statute. These statutes are very harsh in their terms, and are manifestly intended to be so stringent that no officer will be tempted to neglect this official duty. Some of them impose upon the officer a mere penalty, while others add to this penalty the amount of the judgment and costs. Where this is the case, the fact that the plaintiff has not been injured by the official neglect can neither be received in evidence in justification, nor in mitigation of damages."

The purpose of such statutes is to enforce prompt and diligent attention on the part of officers to executions delivered to them and to obtain timely return of them into court. In *Webb v. Armstrong,* 24 Tenn. (5 Humph.) 379, involving a similar controversy, it was said:

"It is the stern and rigid policy of the law, adopted to correct a great and growing evil, the non-return of process of execution."

In *Lee v. Dolan,* 34 N. Dak. 449, 158 N. W. 1007, the purpose of a similar statute was declared to be:

"To bring about a prompt and proper performance of duty. This, however, is accomplished not by the old means of technical amercement by which the officer was put in misericordia and in which case a fine was imposed upon him which has largely in the discretion of the court or of the jury. . . . But liquidated damages which the sheriff agrees to pay when he assumes office, in case of a violation of his duty, and the liability for the payment of which results not only in the protection of the creditor, but in a proper discharge of the duties of the courts and of their officers, and a consequent respect on the part of the public therefor."

Numerous cases to the same effect might be cited.

The remedy afforded to a judgment creditor by this statute is no doubt a harsh remedy, and it seems especially harsh in a case involving the neglect to return an execution where it might be shown that the judgment debtor is insolvent. However, what was said by this court in *Schaut v. Joint School District,* 191 Wis. 104, 210 N. W. 270, may appropriately be said here:

"If the statute operates in a harsh and unreasonable manner, the remedy lies in an appeal to the legislature. There is no ambiguity, uncertainty, or doubt about the meaning of the statute, therefore it admits of no construction, and we must apply it as written."

Plaintiff's objection to the evidence adduced by defendant to mitigate the plaintiff's damages should have been sustained. Plaintiff's motion to direct a verdict or his motion for judgment notwithstanding the verdict should have been granted.

*By the Court.*—Judgment reversed, with directions to enter judgment in favor of the plaintiff for the amount of the execution together with interest from October 5, 1932, the date of the original judgment, together with costs.