INDUSTRIAL COMMISSION, Appellant, vs. WOODLAWN CEMETERY Association, Respondent.

*September 12—October 10, 1939.*

528

*Stanley Rector, Winfield V. Alexander,* and *Albert D. Nohr,* all of Madison, for the appellant.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, attorneys, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison and *Williams & Foster* of Fond du Lac of counsel, and oral argument by *Alex Wilmer* of Green Bay and *W. E. Torkelson* of Madison.

WICKHEM, J. Defendant is a cemetery association incorporated under special act of the legislature, ch. 272, P. & L. Laws of 1856. It operates a cemetery in the city of Green Bay. With respect to taxes, ch. 272 provides as follows:

"Sec. 7. The cemetery lots and property of said corporation shall be exempt from all public taxes and assessment, and shall not be liable to be sold on execution or to be applied in payment of debts of any individual, corporator or lot owner, but the said corporation and lot owners, their heirs,

legal representatives and successors, may hold the same exempt therefrom, so long as the same shall remain appropriated to the use of the cemetery; provided, however, that nothing contained in this act shall be so construed as to exempt any real or personal estate belonging to said corporation, from taxation or sale on execution, except such real and personal property as shall be exclusively appropriated to, and used for cemetery purposes. . . ."

Sec. 70.11 (8), Stats., provides:

"The property in this section described is exempt from taxation, to wit: . . .

"(8) Lands owned by any cemetery association used exclusively as public burial grounds and tombs and monuments to the dead therein; including lands adjoining such burial grounds, and greenhouses and other buildings and outbuildings thereon, owned and occupied exclusively by such cemetery association for cemetery purposes; all articles of personal property owned by any cemetery association necessarily used in the care and management of such burial grounds, and all funds exclusively devoted to such purposes; all flowers and ornamental plants and shrubs raised for the decoration of such burial grounds, and which may be sold in the manner and for the purposes mentioned in section 157.09; also all property held by donation, bequest or in trust for cemetery associations under the provisions of sections 157.05 and 157.11."

Although defendant has employees, it has failed to pay any of the contributions required by the Wisconsin Unemployment Compensation Act. Sec. 108.02 (5) (g) 7, Stats. 1937, reads as follows, so far as material:

"The term 'employment' . . . shall not include:

"Employment of any person by a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The principal contentions of defendant are, (1) that under the provisions of sec. 108.02 (5) (g) 7, Stats., heretofore

set out, defendant is expressly exempted from the operation of the act, and (2) that the contributions required of employers under the Wisconsin Unemployment Compensation Act are taxes, and that it is exempt from taxes by the terms of the special act constituting its charter and by the provisions of sec. 70.11 (8), Stats.

Plaintiff contends, (1) that defendant is not a charitable association or organized for charitable purposes within the meaning of sec. 108.02 (5) (g) 7, Stats.; (2) that the contributions required by the Wisconsin Unemployment Compensation Act are not taxes or at any rate are not public taxes, but are payments implementing and making effective the exercise of the police power which the act constitutes; and (3) that from such payments defendant is not exempted either by its charter or by sec. 70.11 (8), Stats.

It will be convenient first to consider whether sec. 108.02 (5) (g) 7, Stats. 1937, expressly exempts defendant from the operation of the act. In this connection it is necessary to consider its legislative history. The Wisconsin Unemployment Compensation Act was first enacted in January, 1932. Ch. 20, Laws of Sp. Sess. 1931. This act did not contain the exemption presently in force under the terms of sec. 108.02 (5) (g) 7. It expressly applied to "any person, partnership, association, corporation (or legal representative of a deceased person, or a receiver or trustee of a person, partnership, association or corporation), including this state and any municipal corporation or other political subdivision thereof. . . ." Sec. 108.02 (4) (d) was made to apply to employers thus described who had more than a prescribed number of employees in their employ. Such further limitations upon the operation of the act as were made had to do with certain types of employment. All of these need not be mentioned. It is enough to state, as examples, that farm labor, personal or domestic service, employment on an unemployment relief project or as an elected or appointed officer, were excluded, and that the other exclusions were on

the basis of the type of employment involved. Thus, the original act did not exempt cemetery associations from its terms, and defendant was within its provisions.

On August 14, 1935, the Federal Social Security Act was enacted. Title III of this act, 49 U. S. Stat. at L. 626, made certain grants to states which had enacted approved unemployment compensation acts. Title IX of the same act, 49 U. S. Stat. at L. 639, levied a tax on pay rolls of employers of eight or more employees, and provided that a taxpayer might credit against the tax imposed by title IX ninety per cent of such tax with payments made to a state unemployment-compensation fund under an approved act. The federal act contained certain requirements which states must meet before being entitled to the benefits of the federal act, but did not prescribe uniformity as to exemptions. The federal act did set forth exemptions from the tax imposed by it in precisely the same language as that now contained in sec. 108.02 (5) (g) 7, Stats. 1937. The language of this exemption as indicated by the report of the conference committee was taken from the federal income tax law to secure the advantage of previous administrative and judicial interpretations of the latter and insure uniform construction of both acts. Sec. 101, Federal Revenue Act of 1936, 49 U. S. Stat. at L. 1673, provides:

"The following organizations shall be exempt from taxation under this title: . . .

"(5) Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; . . .

"(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual. . . ."

On July 22, 1935, ch. 272, Laws of 1935, the legislature introduced into the Wisconsin law an exemption of chari-

table, religious, scientific, and educational organizations. The language of the exemption was different from that in the federal act which was enacted a month later. On September 11, 1935, the legislature amended the subsection into substantial conformity with the federal act. Ch. 446, Laws of 1935. In 1937, the act was further amended to bring it into literal conformance with the federal act. Chs. 95, 162, 343, Laws of 1937. While there is no statement in ch. 446, Laws of 1935, with reference to this section, that it is for the purpose of conforming to the federal act, numerous references throughout the chapter and its general context show that in numerous respects the chapter was intended to conform the state law to the Federal Social Security Act in order that full advantage might be taken of the federal act. In the light of this legislative history, we conclude that it is quite evident that the exemptions in sec. 108.02 (5) (g) 7, Stats., were deliberately made to conform to those in the Federal Social Security Act; that the Federal Social Security Act adopted this exemption feature from the federal income tax law; that the federal income tax law does not exempt cemetery corporations as charitable corporations or corporations organized for charitable purposes, but by an exemption applicable specifically to cemetery companies. It is evident that the rulings of the bureau of internal revenue, regulation 91, article 12, 24 SST 185, construe the federal income tax law as exempting cemetery companies solely because of the specific exemption in their favor, and not as charitable institutions under the exemption similar to that involved in this case.

In *Schuster v. Nichols* (D. C.), 20 Fed. (2d) 179, involving an action to recover income taxes, where plaintiff had deducted the donations to a cemetery association as contributions to a charitable corporation, the court held that the general language in the federal income tax law referring to charitable corporations did not include cemetery corporations. The court gave considerable weight to the fact that congress specifically exempted cemetery corporations as evidence of a

legislative intent not to include them within the general concept of charitable corporations. It is contended by defendant that there has been no such construction of the federal income tax law by the United States supreme court, and that there is therefore no construction by a court of last resort in the jurisdiction from which the law was taken which is binding on this court. The rule is thus stated in *Ditsch v. Finn*, 214 Wis. 305, 308, 252 N. W. 562:

"It is of course elementary that where a statute is adopted from another state which statute had previously been construed by the courts of that state, it should be given the same construction here. [Authorities cited.] It is also elementary that where a statute is adopted from another state before it has been construed by the courts of that state, our courts are free to put their own construction upon it and do not feel bound by any construction subsequently given to it by the courts of the state from which it was adopted."

Plaintiff also relies upon the following statement in Corpus Juris:

"The construction of an adopted statute must be that of the highest court of the state from which it was adopted, and the decision of an intermediate court of appeals is not binding." 59 C. J. p. 1071, § 628.

We do not think it necessary to meet defendant's contention. It may very well be that there is presently no construction that is binding upon this court, but that does not mean that the rulings of administrative bodies having the responsibility of enforcing the federal act and the opinions of federal courts as to its meaning are not entitled to great weight. Wholly apart from this, we see no escape from plaintiff's contention as to the proper construction of sec. 108.02 (5) (g) 7, Stats. It is evident that the purpose of the legislature was to conform in this respect to the federal act, and that the federal act was not intended to include cemetery companies as charitable corporations or corporations organized for charitable purposes. Further than this, the statutes of Wisconsin exempting the property of cemetery companies from

taxation have pursued the same course. These exemptions do not result from the favorable construction of an act exempting charitable corporations or corporations operated exclusively for charitable purposes, but from specific exemptions of the property of cemetery corporations either in general acts or as a part of their special charter.

While dealing with a subject unrelated to the present case, sec. 230.15, Stats., further illustrates the point. This section, which deals with the limit of suspension of the absolute power of alienation of real property, contains an exception where real estate is "given, granted or devised to a charitable use or to literary or charitable corporations which shall have been organized under the laws of this state, for their sole use and benefit, *or to any cemetery corporation, society or association.*" In this connection we note that there may be a distinction between cases involving gifts to cemetery associations in which a broader definition of "charitable corporations" or "charitable purposes" has frequently been given, and those involving tax or other exemptions in which these terms are held to a narrower meaning. *Hopkins v. Grimshaw,* 165 U. S. 342, 17 Sup. Ct. 401, 41 L. Ed. 739.

Another circumstance that fortifies our conclusion that it was the intent of the legislature to conform to the federal act is that to hold defendant exempt from the Wisconsin act would result in its having to pay the tax under the federal act without any benefit to its employees.

The next contention of defendant is that the contributions required by the Wisconsin Unemployment Compensation Act are taxes, that since its property is expressly exempt from taxation both by the provisions of the legislative act constituting its special charter and by reason of the provisions of sec. 70.11 (8), Stats., sec. 108.02 (5) (g) 7, Stats., should be construed to apply to it, and that in the absence of a clear expression to the contrary, it should be assumed that it was not the legislative intent to impose this alleged tax

upon defendant. Plaintiff contends that the Wisconsin Unemployment Compensation Act represents an exercise of the police power, and that the contributions enforced merely implement and make effective the exercise of that power; that if the contributions be construed as taxes they are not public taxes or taxes imposed for the purpose of general revenue, but payments designed to make effective the exercise of the police power which the act constitutes; that the provisions of the act of incorporation of defendant provide only that the cemetery lots and property of the corporation shall be exempt from all public taxes and assessment; and that the contributions under ch. 108, Stats., are not public taxes since the money is not paid into the general treasury or used for the general support of the government. It is suggested that sales taxes, gas taxes, auto licenses, and other requirements for the payment of money are not excluded by provisions similar to those exempting defendant corporation. *United States Nat. Bank v. Poor Handmaids,* 148 Wis. 613, 135 N. W. 121. It is further pointed out that under statutes granting exemptions similar to sec. 70.11, Stats., the property has been held to be subject to special assessment for its betterment or benefits. *Yates v. Milwaukee,* 92 Wis. 352, 66 N. W. 248.

It is plain to us that defendant's contention that the exemption of its property from taxation warrants a construction of sec. 108.02 (5) (g) 7, Stats., that will include defendant within the definition of a corporation "organized and operated for charitable purposes," and thus exclude it from the operation of the act must fail. We deem the Wisconsin Unemployment Compensation Act to be an exercise of the police power, implemented by enforced contributions from employers. The fact that the property of cemetery corporations in the past has been exempt from public taxes does not in the face of the other circumstances involved support the conclusion that the legislature intended to exempt

the corporation from the operation and exactions of this law. Considered as a whole, the Wisconsin Unemployment Compensation Act was designed to meet an emergency threatening the public order and stability. As a necessary part of the exercise of the police power and incidental thereto the contributions are required. Whether these are taxes in any sense is extremely doubtful. They would seem to be mere incidents to the exercise of the police power. See *Buckstaff Bath House Co. v. McKinley* (Ark.), 127 S. W. (2d) 802, and *Globe Grain & Milling Co. v. Industrial Comm.* (Utah) 91 Pac. (2d) 512. However, this question need not be determined here. In any event they are not the sort of taxes to which defendant's exemptions apply any more than are the burden or expense to an employer under the Workmen's Compensation Act or sales taxes and other similar exactions.

*By the Court.*—Order reversed, and cause remanded with directions to sustain plaintiff's demurrer to the answer and for further proceedings according to law.