PATRICK J. LUCEY, Governor of Wisconsin
In your letter of July 24 you ask whether the term "instructor" as used in sec. 15.405 (7), Stats., includes persons teaching on a voluntary basis without compensation at a university medical school.
The statute in question relates to the eligibility of appointees to the Medical Examining Board and provides, in part:
"* * * No person may be appointed to the examining board who is an instructor, stockholder or member of, or financially interested in, any school, college or university having a medical department, or of any school of osteopathy. * * *"
The right to appointment to a public office is not an inherent or natural right, it is a privilege, and the legislature may impose such reasonable and uniform qualifications for office as the legislative wisdom dictates. 67 C.J.S., Officers, § 11. Statutes often designate specific disqualifying factors and frequently legislative standards of incompatibility are adopted. For instance, many states have constitutional or statutory provisions prohibiting judges from holding any other office during the term for which they are elected. See State v. McCarthy
(1949), 255 Wis. 234, 38 N.W.2d 679.
As to offices created by the legislature, which it may abolish at will such as the Medical Examining Board, the legislature has the right to prescribe such qualifications as the nature of the particular office may reasonably require. Fordyce v. State exrel. Kelleher (1902), 115 Wis. 608, 92 N.W. 430, and State exrel. Bloomer v. Canavan (1914), 155 Wis. 398, 145 N.W. 44.
Accordingly, the question you present does not require a determination of the validity of the restrictions but rather whether an instructor who teaches on a voluntary basis without compensation is disqualified under the statute.
The statute in question is not without the need for construction. However, it is not the function of one construing a statute to add language or add exceptions. State ex rel. U.S. F. G. Co. v. Smith (1924), 184 Wis. 309, 199 N.W. 954; Ditsch v.Finn (1934), *Page 195 214 Wis. 305, 252 N.W. 562; State ex rel. Reynolds v. Smith (1964),22 Wis.2d 516, 126 N.W.2d 215.
The most logical explanation of legislative intent in adopting the statute in question would seem to be that the legislature wanted to separate medical schools and the teaching aspect from the Medical Examining Board and the licensing functions. This is not surprising since the Medical Examining Board gives examinations to graduates of many medical schools. Prohibiting instructors or stockholders or anyone financially interested in a school, college, or university having a medical school from serving on the Board could obviate a possibility of conflict of interest when the candidates for licensure from that school are examined for licensure.
In achieving such purpose it would appear to be immaterial that an instructor is a volunteer serving without compensation. An examination of the statute itself does not reveal any intent to limit the prohibition to instructors who are paid a salary.
The inclusion of a prohibition against anyone having stockholder or financial interest in a school, college, or university having a medical department obviously was intended to prevent a conflict of interest as in the case of the instructor. That the legislature was creating a separate class, i.e., those with a "financial interest," is confirmed by the use of the disjunctive "or" indicating that the phrase is not descriptive of the word "instructor."
Accordingly, I must conclude that the legislature has clearly indicated that an instructor in a medical school, whether he be a volunteer or a paid employe, is not eligible to be appointed to the Medical Examining Board.
RWW:LLD